## STATE *vs.* SAMUEL FARMER.

### Franklin. Opinion April 7, 1892.

*Evidence. Witness. Credibility. Former Conviction. Intoxicating Liquors.*

It is not an objection to the admission of evidence, pertinent for one purpose only, that it is susceptible of being used for another purpose to the prejudice

of a respondent on trial in a criminal prosecution; the protection against any perversion of the evidence being in such explanation of the matter as the presiding judge may impart to the jury.

In the trial of a respondent for unlawfully selling spiritous liquors, the record of his conviction for a similiar offense, however ancient it may be (in this case twenty-seven years old), is admissible in evidence to affect his credibility as a witness, he having testified in his own behalf in such trial.

ON EXCEPTIONS.

This was an indictment under R. S., c. 17, § 1, for keeping and maintaining a liquor nuisance at two different places in Phillips, Franklin County. The indictment is in the common form used in the State. The jury returned a verdict of guilty for both offenses. After the verdict, the defendant moved an arrest of judgment, and filed the following reasons : (1st,) said indictment sets out no offense against the respondent ; (2d,) every thing alleged may be true, and consistent with the innocence of the accused ; (3d,) the two counts in the indictment are inconsistent with each other ; (4th,) it does not appear on what provision of the statute the indictment is found ; (5th,) there was an attempt to set out distinct offenses in the two counts, and the record cannot show under which the verdict was found ; (6th,) the record can not show whether the verdict was found for using said building for the illegal sales of liquor, for the illegal keeping of liquors, for keeping a place of resort where liquors were drank, given away or in any manner dispensed ; (7th,) the indictment is otherwise defective and insufficient in law.

The presiding justice overruled the motion and the defendant excepted. A witness, called by the State, was allowed to testify, against respondent's objection, and to read to the jury from a small diary, the following, which he testified he copied from a book of records in the office of the Collector of Internal Revenue comprising the District of Maine, at Portsmouth, New Hampshire, viz : " Samuel Farmer, R. L. D., Phillips, date of payment, June 30, 1890, $20.83, from July, 1890, to April 30, 1891. Serial No. of Stamp 190338." In his testimony the defendant admitted the facts disclosed by the " examined copy " of the record from the office of the Collector of Internal Revenue.

After the defendant had testified as a witness in his own behalf, the government was allowed, against respondent's objection to introduce a record of conviction of respondent at the October term, of said Court 1864, as a common seller of intoxicating liquors on the first day of November, A. D., 1863, and on various other days and times (with a *continuando*) to which the respondent pleaded guilty and was fined one hundred dollars and costs taxed at sixty-nine dollars and ninety-nine cents.

In his charge to the jury the presiding justice *inter alia*, said:

"The counsel for the State says in the first place, in substance, that taking the literal translation of a familiar latin maxim, the thing itself speaks; that the situation found by this officer speaks of the intent of the accused with a power that overbalances and silences all explanations that can be or have been given. He says that it is important for you to consider what the conduct and the expressions of the accused were at the time of the search; that when a person is first confronted with a charge of violating the law his conduct and language may be significant and of weight in determining the question of guilt or innocence, for it is said that the language of innocence is always instinctively the language of truth. . . .

"The legislature simply affirmed a principle of evidence in enacting this statute, they expressed their opinion in regard to what force and effect ought to be given to a piece of testimony of that kind; that if unexplained and uncontradicted it ought to be held satisfactory proof of the guilt of the accused; that you ought to consider the usual motives which operate upon and control men who are engaged in business, and that men who are carrying on any business for gain would not expend the sum of $25 to authorize them, as far as the government of the United States can authorize them, to carry on any business unless they intend to engage in that business, unless they were about to carry on that traffic. But I cannot say to you that you are compelled to find any person guilty who has paid the sum of $25 for the stamp to prove that he has paid this tax. I cannot say to you that you are compelled to do so for the reason I have indicated; he is entitled to the judgment of the jury and it is

your duty to consider as reasonable and practical men what force ought to be given, what inference you feel authorized to draw as a matter of fact from such conduct as that. It is for you to say as a matter of fact and not for me as a matter of law."

The respondent requested the court to instruct the jury that the statute on which this indictment is founded is in conflict with the amendment to the Constitution of the United States, Article VIII, and with Article I, § 9, of the Constitution of Maine, which the court declined to do. A second motion in arrest of judgment was then filed and overruled by court, and the respondent excepted.

On motion of the attorney for the State, the presiding justice adjudged the exceptions to be frivolous and intended for delay; and the case was, thereupon, certified to the Chief Justice.

*F. E. Timberlake,* County Attorney, for the State.

Indictment: *State* v. *Lang,* 63 Maine, 216; *State* v. *Ryan,* 80 *Id.* 107; *State* v. *Dorr,* 82 *Id.* 157.

Evidence: *State* v. *O'Connell,* 82 Maine, 33; R. S., c. 82, § 105; *State* v. *Watson,* 63 Maine, 128; *State* v. *Lang, supra; State* v. *Watson,* 65 Maine, 79.

Charge: *State* v. *Reed,* 62 Maine, 13 3; *State* v. *Benner,* 64 *Id.* 267; *State* v. *Smith,* 65 *Id.* 262.

*H. L. Whitcomb,* for defendant.

Indictment: *State* v. *Dodge,* 78 Maine, 439; *Com.* v. *Stahl,* 7 Allen, 304; *Mains* v. *State,* 42 Ind. 327; 13 Am. Rep. 364; 2 Bish. Crim. Proc. § § 593, 864; Whar. Crim. Law, § § 2379–80; *Com.* v. *Lambert,* 12 Allen, 177; *Com.* v. *Calef,* 10 Mass. 153; *State* v. *Stevens,* 36 N. H. 59; *Ludwick* v. *Com.* 6 Harris (Pa.), 172.

Evidence: *State* v. *O'Connell,* 82 Maine, 33; *Com.* v. *Billings,* 97 Mass. 405.

The court erred in instructing the jury in regard to the weight to be given to the fact of the respondent's having paid a U. S. revenue tax. This is the language used,—"That if unexplained and uncontradicted, it ought to be held satisfactory proof of the guilt of the accused."

PETERS, C. J. An exception was taken, at the trial, to the admission of a record of the conviction of the respondent as a common seller of intoxicating liquors, recovered twenty-seven years ago, and introduced for the purpose of impeaching the credibility of the respondent as a witness in his own behalf in the present prosecution for a similiar offense. It is claimed that so ancient a record is not admissible for such purpose, and that it was introduced more to create a prejudice against the respondent than to affect his credibility.

That evidence, properly admissible for one purpose may be so perverted in its use as to effect a different and illegitimate purpose, is not altogether preventable. But such evidence cannot on that, account be wholly rejected. The correction of its abuse lies in such explanation as the presiding judge may feel required to give to the jury concerning it. Then, too, when the ill-concealed purpose of its introduction becomes obvious to the jury it often reacts against the party attempting to profit by the irregularity.

We see no cause for rejecting the record of conviction in this case in the fact that it is an ancient record. Time may soften the effect of such a record but cannot destroy its applicability. At the common law, a person convicted of a crime unless pardoned, could never afterwards be allowed to testify as a witness. And pardon could restore only partial competency. The record was still admissible to impeach the credibilty of such person. And, certainly, lapse of time would not be more efficacious for washing out the legal blot than a pardon would be. But a witness against whom a conviction of a criminal offense is produced, however ancient or modern it may be, is not without means for vindicating his character for truthfulness. He may produce general evidence to sustain his present reputation for veracity.

The brief of counsel for the respondent imputes declarations to the presiding judge not uttered by him. Stating the theories of the government, or of the legislature in passing a statute, did not make such propositions his own. Such an implication was expressly disclaimed.

The questions raised upon the sufficiency of the indictment have been lately settled in another similiar case, — *State* v. *Stanley, post.*                                        *Exceptions overruled.*

WALTON, VIRGIN, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.