[No. 19826. Department Two. July 26, 1926.]

CHARLES H. WILCOX, *as Receiver of First National Bank of Beaver Creek, Minnesota, Respondent*, v. PAD. R. BEAR *et al., Appellants.*[1]

[1] SHERIFFS AND CONSTABLES (36)—LIABILITY ON OFFICIAL BOND—ACTION TO ENFORCE—EVIDENCE. In an action upon the official bond of a sheriff for failure to diligently levy an execution, it is competent to show that a levy made some days after by the sheriff's successor was too late because of an intervening transfer of the property; and the judgment in the action establishing this fact as against the sheriff's successor is competent, when limited to the purpose of showing that plaintiff had been unable to obtain the property; and this, notwithstanding such evidence, is prejudicial if admitted for the purpose of showing that the intervener's transfer of the property was void.

Appeal from a judgment of the superior court from Yakima county, Hawkins, J., entered August 1, 1925, upon the verdict of a jury rendered in favor of the plaintiff in an action upon a sheriff's official bond, for failure to levy a writ of execution. Affirmed.

¹Reported in 248 Pac. 58.

*Rigg & Venables,* and *Nat. U. Brown,* for appellants.
*McAulay & Freece,* for respondent.

MACKINTOSH, J.—The respondent, which will be here-
after called the "bank," on December 27, 1922, re-
covered a judgment against M. O. Page, and on the
following day had general execution issued thereon
and placed in the hands of the appellant Bear (who
was the sheriff of Yakima county and hereafter will
be called the "sheriff") to levy upon the property of
M. O. Page situated in that county.  On January 2,
1923, the sheriff forwarded the execution to his deputy
who resided in the same community as did M. O. Page.
The deputy was unable to locate the personal property
belonging to Page, and returned the execution to the
sheriff.  Thereafter, one Luce, who had succeeded Bear
as sheriff, made a levy on personal property belonging
to Page, at which time it was discovered that M. O.
Page by bill of sale, on January 8, 1923, had trans-
ferred his property to his father, Joseph S. Page.  The
latter brought an action restraining the levy and was
successful therein and secured the return of the prop-
erty to him.  The bank, believing that it had lost its
property by reason of the sheriff's negligence in fail-
ing to make the levy, brought this action against the
sheriff and his bond, and recovered a judgment, from
which this appeal has been prosecuted.

[1]  But one of the assigned errors is extensively
argued, and that one alone will be here discussed.  It
relates to the admission as evidence in this suit of the
judgment in the action by Joseph S. Page against the
sheriff, the appellants contending that this judgment,
as indicating that the transfer from M. O. Page to
Joseph S. Page was valid, was highly prejudicial to
them in the determination of the issue in this case as
to the character of that transfer.  The question that

was before the jury for determination in this action was whether, through the negligence of the sheriff in levying execution, the bank had been damaged. And whether it had been damaged depended upon whether, at the time the sheriff's successor made the levy, M. O. Page had made an actual *bona fide* transfer of his property so that levy upon it was fruitless. In other words, the question was whether the transfer from the judgment debtor to his father was a good and valid one. The father recovered the property in the action begun by him against the sheriff's successor in office, but that judgment, of course, was not determinative of the question so far as the sheriff in this action was concerned, he not having been a party to the other proceeding.

If the judgment in the other action had been admitted for the purpose of proving that the transfer was good and valid, such testimony would have been highly prejudicial to the appellants and would have been improperly admitted. It was not admitted, however, for that purpose, and the fact that it may have been detrimental to the appellants' case presents no legal reason for its exclusion, if it was properly admitted on other grounds. The court limited its admission, and so instructed the jury, for the purpose of showing that the bank had been unable to obtain the property of M. O. Page, upon which levy of its execution could have been made, had the sheriff acted with that degree of promptness which the jury should find was proper.

It was necessary, not only for the bank to show that, at the time the execution was placed in the hands of the sheriff for levy, M. O. Page had property upon which the levy could have been made; but also to show the value of that property, that the sheriff did not act promptly, and that the bank had not secured that property in satisfaction of its judgment. To prove this

latter fact, it was competent to show that the bank, at one time, had had possession of the property by the levy made by the sheriff's successor, but that it had been taken away from it by legal means, to wit, by judgment secured by Joseph S. Page against the sheriff's successor. As already stated, the introduction of this judgment may have been damaging to the appellants before the jury, but, being admissible upon one phase of the case, the fact that it may have incidentally been damaging on some other phase was no ground for its exclusion. The rule is well recognized, that a judgment in one suit is admissible in another one, although against a different person, where the judgment is produced to prove that a certain state of facts exists, when the existence of that state of facts is admissible as to the issue on trial or relevant to such issue. Jones on Evidence (3d ed.), § 590. And the rule is well established that, even though evidence properly admissible for one purpose may be inadmissible for another, still, it cannot, for that reason, be excluded.

" 'That evidence properly admissible for one purpose may be so perverted in its use as to effect a different and illegitimate purpose, is not altogether preventable. But such evidence cannot on that account be wholly rejected. The correction of its abuse lies in such explanation as the presiding judge may feel required to give to the jury concerning it. *State v. Farmer*, 84 Me. 436, 24 Atl. 985.' " 1 Wigmore on Evidence (2d ed.), § 13.

In this case, the court did everything that was within its power to prevent the abuse of this judgment, by explaining to the jury the purpose, and the only purpose, for which they could use it.

*Judgment affirmed.*

TOLMAN, C. J., PARKER, MITCHELL, and ASKREN, JJ., concur.