HULL, *Appellant*, v. CITY OF ST. LOUIS, TRUSTEE OF THE MULLANPHY BEQUEST.

Division Two, April 3, 1897,

1. **Instruction**: ASSUMPTIONS.    In an action by plaintiff, who was a real estate agent, for services rendered the city in appraising certain property, an instruction which told the jury that in estimating the value of plaintiff's services they might take into consideration "the compensation at the time usually paid to and received by competent real estate agents of said city for like services," was *held* to have the vice of assuming that there was a rule as to the amount of compensation usually paid to and received by such real estate agents for such services, when the evidence was conflicting as to the existence of such a rule.    It is only where the facts are not disputed, or the evidence is all one way, that such an instruction is proper.

2. **Personal Services**: MARKETABLE VALUE.    The court does not hold that personal services requiring the exercise of judgment and skill have a marketable value, but such services depend for their value upon the capacity and skill of the person rendering them and on the nature and extent of such services.

3. **Instruction**: EXPERT WITNESSES.    An instruction that told the jury that they are not bound to accept the opinion of expert witnesses but may give such opinions the weight to which the jury may deem them entitled, "or may altogether disregard such opinions if from all the facts and circumstances in evidence they believe such opinions unreasonable," is *held* on rehearing to be proper.    (Following *St. Louis v. Ranken*, 95 Mo. 189.)

Hull v. St. Louis, Trustee.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

AFFIRMED.

*Lubke & Muench* for appellant.

(1)   The trial court erred in refusing to give, as asked, the appellant's second instruction.   There was ample evidence tending to show "the compensation at the time usually paid to and received by competent real estate agents of said city for like services."   2 Sutherland on Damages, p. 444; see, also, 1 *Ib.*, p. 799; *White v. Harman*, 51 Ill. 243; *Harrison v. Glover*, 72 N. Y. 451; *Ragan v. Railroad*, 111 Mo. 456. The value of labor may be testified to by one constantly employing similar labor, and proof of what is usually charged by real estate agents is competent evidence. *Kelly v. Rowane*, 33 Mo. App. 440; *Levitt v. Miller*, 64 Mo. App. 147.
(2)   It is error to give an instruction which singles out one or more particular facts and gives them prominence.   It is also error to omit from a general instruction an important and legal element in the evidence before the jury.   Both of these rules were violated by the trial court in the case at bar; *first*, in eliminating from the general instruction asked by appellant the important element above stated; and, *secondly*, by the court giving of its own motion another instruction which singled out all the other facts to the exclusion of this one.   In support of the first one of these rules, see *Kendig v. Railroad*, 79 Mo. 207; *Barr v. City of Kansas*, 105 Mo. 550; *Railroad v. Stock Yards*, 120 Mo. 559.   And in support of the second one, see *Willmott v. Corrigan Consolidated Street Railway Company*, 106 Mo. 535; *Stocker v. Green*, 94 Mo. 280; *Clark v. Hammerle*, 27 Mo. 55.   (3) The trial court erred in giving defend-

ant's instruction which authorized the jury to disregard the opinions of the expert witnesses, "as to the value of plaintiff's services."

The court having eliminated from the other instructions the proof as to what was usually paid for such services there was left upon the question of value only the opinions of the experts. This instruction in effect authorized the jury to eliminate these opinions also, and to make their findings independent of any evidence. This was error, and made their findings independent of any evidence. This was error, and made the introduction of the evidence a farce. *City of Kansas v. Hill*, 80 Mo. 523; *Washburn v. Railroad*, 59 Wis. 364. (4) The instruction assailed the witnesses without cause, and was calculated to mislead the jury. *Bank v. Armstrong*, 62 Mo. 59; *State v. Elkins*, 63 Mo. 159; *White v. Maxcy*, 64 Mo. 559; *White v. Lowenburg*, 55 Mo. App. 69; *Railroad v. Dawley*, 50 Mo. App. 480. (5) When a verdict is reached by each juror setting down a figure and then dividing the aggregate by twelve, this is misconduct for which the verdict must be set aside. *Sawyer v. Railroad*, 37 Mo. 242; *Sharp v. Railroad*, 114 Mo. 105. (6) To be a true one the verdict must be based upon or in accord with the substantial evidence, otherwise it should be set aside. *Whitsett v. Ransom*, 79 Mo. 259; *Garrett v. Greenwell*, 92 Mo. 120; *Gurley v. Railroad*, 104 Mo. 233, 234.

*W. C. Marshall* and *B. Schnurmacher* for respondent.

(1) The court did not err in modifying plaintiff's instruction, because the instruction, as offered, assumed that there was a usual compensation paid for services such as are sued for in this case. There was a difference of opinion among even plaintiff's witnesses

as to whether such a custom existed. If there had not been this contrariety of opinion on the part of the witnesses, it would still have been error for the court to assume the fact to have been proven. It was not admitted, either by the pleadings or upon the trial. Instruction should put the case to the jury hypothetically, and not lead them to understand that in the opinion of the court a given fact is or is not conclusively established by the proof. *Fullerton v. Fordyce*, 121 Mo. 1; *Wilkerson v. Eilers*, 114 Mo. 245; *Stone v. Hunt*, 94 Mo. 475; *Dulaney v. St. Louis Sugar Ref. Co.*, 42 Mo. App. 659; *Hanlon v. O'Keeffe*, 38 Mo. App. 273. (2) Defendant's instruction regarding the conclusiveness of the expert opinions upon value was proper and its language was moderate and guarded. Expert testimony is, at the most, only advisory, and is not conclusive or binding upon the triers of the facts. *Rose v. Spies*, 44 Mo. 20; *Thompson v. Ish*, 99 Mo. 160 (179); *Price v. Insurance Co.*, 48 Mo. App. 281; *Benjamin v. Railroad*, 50 Mo. App. 602; *Western Union Telegraph Co. v. Light Co.*, 46 Mo. App. 121; *Shanley v. Gas Light Co.*, 63 Mo. App. 123; *Hampton v. Massey*, 53 Mo. App. 501; *Forsythe v. Doolittle*, 120 U. S. 73; *Bentley v. United States*, 26 Ct. Cl. 241; *People v. Vanderhoof*, 71 Mich. 158; *Turnbull v. Richardson*, 69 Mich. 400; *Aldrich v. Grand Rapids Cycle Co.*, 61 Minn. 531; *Olson v. Gjertsen* (Minn.), 42 Minn. 407; *Stevens v. Minneapolis*, 42 Minn. 136; *Arndt v. Hosford*, 82 Iowa, 499; *Railroad v. Drake*, 46 Kan. 568; *Bentley v. Brown,* 37 Kan. 14; *Uhlig v. Barnum* (Neb.), 61 N. W. Rep. 749; *Bourke v. Whiting* (Colo.), 37 Pac. Rep. 172. The instruction did not "assail" the expert witnesses. *Arndt v. Hosford*, 82 Iowa, 499. (3) There is nothing in the record to justify the citation of authorities to the effect that "where a verdict is reached by each juror setting down a figure and then dividing the ag-

Hull v. St. Louis, Trustee.

gregate by twelve, there is misconduct, for which the verdict must be set aside." No misconduct was charged, nor is there any such ground assigned in the motion for new trial. *Rose v. Spies*, 44 Mo. 20. It can not be said that the verdict is against the evidence because it did not adopt as correct the expert opinions of value. *Stevens v. Minneapolis*, 42 Minn. 136; *Railroad v. Drake*, 46 Kan. 568.

*W. C. Marshall* and *B. Schnurmacher* for respondent on motion for rehearing.

(1)    We believe that through an inadvertent oversight, the court overlooked the qualifying clause in the instruction criticised. *City of St. Louis v. Ranken*, 95 Mo. 189; *People v. Vanderhoof*, 71 Mich. 158, directly in point. We respectfully, but earnestly, ask the court to reconsider this matter and not to permit the opinion in this case to stand, thus raising a conflict with the *Ranken* case, which is consistent with the many adjudications upon this subject.

BURGESS, J.—This is an action for compensation for personal services rendered by plaintiff for defendant in and about the appraisement of certain property which it holds in trust as a charitable fund to furnish relief to all poor emigrants and travelers coming to St. Louis *bona fide* to settle in the west.

The amount sued for was $3,250. The amount for which plaintiff recovered a verdict before a jury was $1,188. He then filed his motion for a new trial, which was overruled and he appealed.

In 1851, one Bryan Mullanphy died testate. By his will he devised one third of all his property, real, personal, and mixed, to the city of St. Louis in trust, to be and constitute a fund to furnish relief to all poor

emigrants and travelers coming to St. Louis *bona fide* to settle in the west.

The city accepted the trust, and by ordinance created a board called the "Board of Commissioners of the Mullanphy Emigrant Relief Fund" to carry out the purposes of the testator.

The board desiring to have the trust property appraised, on September 13, 1893, employed the plaintiff, Charles Green, and T. J. Quinn, as such appraisers. No agreement was made as to the compensation that they were to receive for their services.

The property to be examined and appraised was in the city of St. Louis. There was evidence tending to show that the appraisers were informed that they might hire carriages to take them to the property, a clerk to assist them in their work and a surveyor to locate the property.

For these services a bill for carriage hire amounting to $200, a surveyor's bill of $800, and a bill of $2,400 for services alleged to have been rendered by the clerk of the appraisers. This bill the board declined to pay upon the ground that it was contracted without authority from the board, and declined to pay the amount demanded by the appraisers upon the ground that the same was excessive.

Plaintiff was at the time of his appointment a real estate agent in said city. The time consumed in making the appraisement, report, etc., was two hundred and twenty-eight days. The plaintiff and eleven other witnesses, including the appraisers, Quinn and Green, testified in his behalf and estimated the value of the services rendered by plaintiff at $3,250, while five witnesses who testified in behalf of defendant estimated them at from $1,000 to $1,200.

At the instance of the plaintiff the court gave to the jury the following instruction:

Hull v. St. Louis, Trustee.

"1. The court instructs the jury to find for the plaintiff Leon L. Hull, and to assess his compensation at such sum as from the evidence before them the jury may believe his services to have been reasonably worth."

The court refused to give to the jury the following instruction:

"2. In estimating the reasonable value of plaintiff's services, the jury may take into consideration the evidence showing plaintiff's experience as a real estate agent in the city of St. Louis, at the time when the services were rendered, *the compensation at the time usually paid to, and received by, competent real estate agents of said city for like services*, the character and amount of property examined and appraised by plaintiff, the services actually performed in making such examination and appraisement, and time consumed therein, and also the reasonable opinions of expert witnesses who have testified upon this trial, as well as all other facts and circumstances shown in the evidence bearing on plaintiff's services, and the reasonable value thereof when rendered."

The court, of its own motion, gave to the jury the following instruction:

"3. In estimating the reasonable value of plaintiff's services the jury may take into consideration the evidence showing plaintiff's experience as a real estate agent of the city of St. Louis at the time when the services were rendered, the character and amount of property examined and appraised by plaintiff, the services actually performed in making such examination and appraisement, and time consumed therein, and also the reasonable opinions of expert witnesses who have testified upon this trial, as well as all other facts and circumstances shown in the evidence bearing on plaintiff's services, and the reasonable value thereof when rendered."

And on motion of defendant the court gave to the jury the following two instructions:

"4. The court instructs the jury that they are not bound to accept the opinion of expert witnesses as to the value of plaintiff's services, but may give said opinions such weight to which the jury may deem them entitled, or *altogether disregard such opinions*, if the jury, from all the facts and circumstances in evidence, believe said opinions unreasonable.

"5. The court instructs the jury that if they find their verdict for the plaintiff, they will allow him only the reasonable value of such services as the evidence may show he performed for defendant, and no more."

To the action of the court in refusing the second instruction asked by plaintiff, in giving the third instruction of its own motion, and in giving the fourth and fifth instructions on motion of defendant, plaintiff at the time objected, and saved his exceptions.

The first assignment of error is the action of the court in modifying the second instruction asked by plaintiff, and eliminating therefrom the following: "The compensation at the time usually paid to and received by competent real estate agents of said city for like services."

The vice of the instruction as asked was in assuming that there was a rule as to the amount of compensation usually paid to and received by real estate agents of the city of St. Louis for like services, when the evidence was conflicting with respect to the existence of such a rule. It is only where the facts are not disputed, or the evidence is all one way, that such an instruction is proper. *Fullerton v. Fordyce*, 121 Mo. 1; *Van Natta v. Railroad*, 133 Mo. 13. Moreover, if the instruction, as given, was considered by the jury in connection with the first instruction, as was doubt-

VOL. 138 mo—40

lessly the case, plaintiff received the benefit of the evidence adduced with respect to the customary compensation usually paid to competent real estate men in the city of St. Louis for such services, and suffered no injury by reason of the modification of the instruction asked.

We do not, however, mean to be understood as holding that personal services requiring the exercise of judgment and skill have a marketable value, but that each case must depend upon the capacity and skill of the person rendering the services, their nature and extent.

It is contended by plaintiff that the court erred in giving the fourth instruction at the request of defendant, by which the jury were authorized to disregard the opinions of the expert witnesses, "as to the value of plaintiff's services." But the jury were only authorized to disregard such opinions if they believed from all the facts and circumstances in evidence they were unreasonable.

With this qualification it is argued by defendant that if the testimony of the expert witnesses were believed by the jury to be unreasonable, they could do nothing else but disregard the same, that is, attach to it no value, weight or credit, and that is all the jury were authorized to do by that instruction.

Since an opinion was handed down in this cause reversing the judgment and remanding the cause solely upon the ground that error was committed in giving that instruction, our attention has been called in a motion filed by defendant for a rehearing to the case of *City of St. Louis v. Ranken*, 95 Mo. 189. In that case an instruction, in all of its essential features exactly like the one under consideration, was passed upon and approved.

Hull v. St. Louis, Trustee.

It reads as follows:

"The court instructs the jury that, in determining the amount, if any, that defendant's property is benefited by the widening of Eighteenth street, as shown on this trial, the testimony of the expert witnesses, who testified before them, if deemed unreasonable by the jury, may be disregarded by them."

The court said:

"The jury are the judges of the value, weight and credibility of the evidence, and if they regarded the testimony of the expert witnesses, on either side of the case, as unreasonable, we do not see what else they could do except to disregard the same—that is, attach to it no value, no weight or credit, and this is all the jury are authorized to do by the said instructions. The instruction in the *City of Kansas v. Hill*, 80 Mo. 534, to which we have been referred, told the jury, among other things, that they were not bound to find according to the evidence, but might wholly disregard the same and make their finding from their own observation alone, and was condemned by this court for that reason. It is there said, among other things, that it would seem a farce to introduce evidence, if it may be wholly disregarded. * * * We do not say or intimate what weight or importance the jury may or ought to give the proof so submitted, but when submitted we think it is their duty to consider, and not wholly disregard it. The instruction in this case is obviously different. The jury are not told that they may disregard the evidence of the experts, but are, in effect, told to consider the evidence, and are left at liberty to disregard such as, upon consideration, they believe to be unreasonable."

That case has never been overruled and must be followed in this.

The evidence of the expert witnesses as to the value of the services sued for was merely advisory, the weight of it being for the determination of the jury· *Cosgrove v. Leonard*, 134 Mo. 419; *Rose v. Spies*, 44 Mo. 20; *Head v. Hargrave*, 105 U. S. 45; *Bentley v. Brown*, 37 Kan. 14; *Stevens v. City of Minneapolis*, 42 Minn. 136; *Arndt v. Hosford*, 82 Iowa, 499; *Price v. The Connecticut Mut. Life Ins. Co.*, 48 Mo. App. 281; *Bourke v. Whiting*, 34 Pac. Rep. 172.

From these considerations, it follows that the judgment must be affirmed. It is so ordered. GANTT, P. J., and SHERWOOD, J., concur.