C. H. RANCK, Appellant, v. CEDAR RAPIDS GAS COMPANY.

New Trial: *Not granted because damages allowed are less than is shown by certain uncontradicted testimony.* Where, in an action for damages resulting from the escape of gas which it is claimed killed plaintiff's grass and trees, there is evidence tending to show that the trees were of but little value, and probably died from other causes, and that, therefore, only a portion of the injury which plaintiff's witnesses were directed to take into account in making their estimate of the entire injury was suffered from defendant's wrongful act, a new trial should not be granted on the ground that the verdict was for a less amount than that indicated by the uncontradicted testimony of such witnesses as to the total amount of his loss.

*Appeal from Linn District Court.*—HON. WM. G. THOMPSON, Judge.

MONDAY, FEBRUARY 10, 1902.

ACTION to recover damages to plaintiff's premises by reason of negligence of defendant in allowing the gas to escape from its pipes laid so near to and under the soil of said premises, whereby such soil was saturated with

gas so that the grass and trees upon and in front of said
premises were killed.   Verdict for plaintiff, which the court
refused, on motion, to set aside as inadequate in amount.
From judgment on the verdict, plaintiff appeals.—*Affirmed.*

*Jamison & Smyth* for appellant.

*J. C. Cook, J. H. Preston* and *H. Loomis* for appellee.

McCLAIN, J.—The evidence related to damage to trees
and grass growing upon the parking in front of plaintiff's
lot, and plaintiff's contention is that, if defendant is liable
at all (and the verdict for plaintiff establishes such lia-
bility), then there was no justification, under the evidence,
for not allowing a much larger sum by way of damages.
Undoubtedly, the evidence tended to prove a much larger
amount of damage, but the instructions to the jury, which
are not complained of by either party, and must be treated
as the law of the case, directed the jury to inquire as to the
extent of the damage to the plaintiff by reason of the kill-
ing of the grass and the destruction of the trees, and there
was evidence as to what the expense would be of restor-
ing the grass and replacing the trees, as well as evidence
tending to show that the trees were of little value, and prob-
ably died from other causes.   Now, we think it is plain that
the jury might have found that only a part of the loss  of
which plaintiff complained, and to which the evidence re-
lated, was due to defendant's wrong, and we cannot say that
a special finding by the jury to that effect would have been
without support.   It is doubtful whether the jury is bound
absolutely by the evidence of witnesses, even though uncon-
tradicted, where they testify with reference to their own judg-
ment as to the value of property, or the measure of damage
thereto, or the value of services, or a like question; and there
are authorities holding that in such cases the jurors may
form an independent judgment of the amount of the value
or damage, even though such judgment differ from that of

all of the witnesses who spoke upon the subject. *Chicago, K. & W. R. Co. v. Drake,* 46 Kan. 568, (26 Pac. Rep. 1039); *McReynolds v. Railway Co.,* 106 Ill. 152; *Stevens v. City of Minneapolis,* 42 Minn. 136, (43 N. W. Rep. 842); *Laflin v. Railroad Co.* (C. C.), 33 Fed. Rep. 415, 422; *Hull v. City of St. Louis,* 138 Mo. 618, (42 L. R. A. 753, and notes s. c. 40 S. W. Rep. 89); *Head v. Hargrave,* 105 U. S. 45, (26 L. Ed. 1028. But, without now announcing a definite conclusion on that question, we are satisfied to hold that the jury may, under the evidence, have found that plaintiff suffered only a portion of the damage which the witnesses for the plaintiff were directed to take into account in making their estimate of the entire injury which plaintiff suffered by defendant's wrongful acts, and therefore we would not be warranted in granting plaintiff a new trial on the ground that the verdict of the jury was for a less amount than that indicated by the uncontradicted testimony of plaintiff's witnesses as to the total amount of his loss.—AFFIRMED.