(86 South. 546)

### UNITED STATES v. GOODLOE et al.
### (8 Div. 227, 228.)

(Supreme Court of Alabama.   June 30, 1920.)

**1. Eminent domain ☜131 — Landowners entitled to benefit of enhanced value by reason of prior improvement.**

In a proceeding by the federal government to condemn land for a nitrate plant under Code 1907, § 2413 et seq., landowners were entitled to have the enhanced value of the land, due to the prior location nearby of another nitrate plant by the government, considered on the question of damage; the location of the second plant being unexpected, and not a part of the general scheme when the first plant was designated.

**2. Evidence ☜568(4)—Opinion evidence as to value of land not conclusive on jury.**

In a proceeding under Code 1907, § 2413 et seq. to condemn land, opinion evidence as to value of the land was not binding on the jury, although the evidence was confined solely to opinion testimony dealing entirely with the valuation of the property, since it related to a matter as to which the jury are presumed to have some general knowledge.

**3. Trial ☜256(2)—Party should request explanatory charge if he believes instruction disregards testimony.**

If a party was of the opinion that a charge might be construed by the jury as authorizing a capricious disregard of all the testimony, and a verdict rendered upon their personal knowledge or observation, an explanatory charge should have been requested as a matter of precaution.

**4. Trial ☜253(8)—Instruction not erroneous as authorizing capricious disregard of testimony.**

In proceedings under Code 1907, § 2413 et seq., to condemn land, an instruction, "I charge you, gentlemen, that you are not bound by the opinion of experts or by the apparent weight of evidence, but you may give your own conclusions," *held* not erroneous as authorizing

a capricious disregard of all the testimony and a verdict rendered upon the personal knowledge or observation of the jurors.

**5. Eminent domain ☜262(5)—Error in instruction as to interest harmless, where no interest was allowed.**

In proceedings to condemn land, any error of the court in permitting the jury to allow interest from the time of the taking of the property could not have harmed the party taking the property, where the trial court reached the conclusion that the interest should not be allowed, and took the same from the judgment upon motion for a new trial, and rendered judgment for the amount so reduced.

**6. Eminent domain ☜202(6) — Assessment held no evidence of value of land in condemnation proceeding.**

In a condemnation proceeding, there was no error in sustaining an objection to a question asked the tax assessor concerning the amount at which one of the defendants assessed her property during the year 1917; it not being the duty of the property owner to fix the amount of valuation of his property under the law as it then existed (Acts 1915, pp. 386–406), and the question assuming that the defendant so assessed the valuation, although not so required.

**7. Eminent domain ☜262(4)—Judgment will not be reversed on account of amount of damages, unless grossly inadequate.**

A judgment in a proceeding to condemn land will not be reversed simply because the reviewing court thinks the amount of damages allowed was excessive, unless such amount is so excessive or so grossly inadequate as to be indicative of prejudice, passion, partiality or corruption on the part of the jury.

Appeal from Circuit Court, Colbert County; C. P. Almon, Judge.

Proceedings by the United States of America against Judith Goodloe and others and Mary Steele Figures and others, respectively, for the condemnation of certain lands, consolidated. From the judgment rendered, the United States appeals. Affirmed.

This is a proceeding instituted by United States of America against Judith Goodloe and others, and Mary Steele Figures and others—two separate suits in the probate court of Colbert county—seeking to condemn the lands described in the petition, under the authority conferred upon the United States by the Legislature of Alabama. Section 2413 et seq., Code of 1907. The lands in question are a part of a large body of lands acquired by the government at Muscle Shoals, on the Tennessee river, in connection with the nitrate plant sites, and upon which were erected and constructed by the government nitrate plants Nos. 1 and 2, under the authority of act of Congress approved June 3, 1916 (39 Stat. 215), for the production of nitrate or other products needed for munitions of war, for fertilizers, and other needful products.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appellant, plaintiff below, appealed from the decree of the probate court condemning the lands and awarding damages and compensation to the owners; the government contending that the damages and compensation assessed by the commissioners appointed by the probate court for that purpose were excessive.

The two cases, by agreement of counsel and with the consent of the court, were tried together in the circuit court of Colbert county, and from the judgment of said court this appeal is prosecuted. By written agreement of counsel the two cases are appealed and submitted in this court as one case.

The evidence offered in the cause related to the opinion of various witnesses as to the value of property taken by the government, which was variously estimated by the several witnesses from $75 to $500.

Nitrate plant No. 1 was located on one side of Sheffield, but not in the corporate limits, and the evidence tends to show that after its location there was an increase in the valuation of property. About two months after the location of plant No. 1, plant No. 2 was located, and the property here in question was taken possession of by the government December 1, 1917, for the purposes of said plant No. 2. This plant was located on the opposite side of Sheffield. There was evidence tending to show that the location of the second plant was very sudden and unexpected, and not a part of the general plan at the time of the location of the first. This condemnation proceeding was begun January 6, 1919.

The following charge was refused to the plaintiff:

"I charge you, gentlemen of the jury, that in assessing the damages and compensation due to the defendants in this case you must look to the market value of the lands prior to the location of nitrate plant No. 1; you cannot consider the enhanced value due to the location and construction of said plant."

Objection was sustained to the question asked by the plaintiff to the witness Simpson, tax assessor, as to whether or not he knew at what one of the defendants, Mrs. Goodloe, assessed her lands here involved in 1917. Objection was also sustained to the question asked witness Steele, to the effect whether he knew at what the board assessed the land.

The following charge was given at the request of the defendants:

"I charge you, gentlemen, that you are not bound by the opinion of experts or by the apparent weight of evidence, but you may give your own conclusions."

Also the following charge:

"I charge you that the property owners named are entitled as of the date of the taking to reasonable, adequate, and just compensation, with interest from the date of the taking."

Motion was made for a new trial upon the ground, among others, that the verdict was excessive. The court was of the opinion that the verdict was excessive on account of interest being allowed the defendants; and, the defendants being present and consenting to a reduction of the amount, it was reduced by the trial court, and judgment rendered accordingly. From this judgment the government prosecutes this appeal.

Erle Pettus, U. S. Dist. Atty., and Ralph W. Quinn and James Q. Smith, Asst. Dist. Attys., all of Birmingham, for appellant.

The enhanced value of the land by virtue of the location of plant 1 could not be taken into consideration in condemnation for lands for plant 2. 147 U. S. 282, 13 Sup. Ct. 361, 37 L. Ed. 170. The court erred in instructing the jury that they were not bound by the opinion of experts, nor by the apparent weight of evidence, but might reach their own conclusions. 200 Ala. 560, 76 South. 918; 147 U. S. 282, 13 Sup. Ct. 361, 37 L. Ed. 170. Counsel discuss other assignments of error, but without further citation of authority.

London, Yancey & Brower, of Birmingham, for appellees.

Interest may be added to value from the time of taking to the date of condemnation. 70 Ala. 227. Anything that adds to the value of land may be shown in evidence for condemnation proceedings.

GARDNER, J. The property of appellees, of which the federal government took possession in 1917, was selected to be used in connection with the building of a nitrate plant in accordance with the act of Congress of June 3, 1916 (U. S. Stat. at Large, vol. 39, p. 215). The government took possession of the property here in controversy in December, 1917, and condemnation proceedings, under the provisions of section 2413 et seq., Code 1907, were not begun until two years thereafter.

The property here involved was to be used in connection with plant No. 2, which was determined upon and located some two months after the location of plant No. 1. The evidence tends to show that the location of a second plant was unexpected, and was not at all a part of the general scheme when the first plant was designated. The evidence also tends to show an increase in property valuations in that community after the location of the first plant.

Counsel for the government requested numerous charges—one of which will appear in the statement of the case—to the effect that the jury were not to consider this enhanced value due to the location of the first plant.

[1] We are of the opinion that such charge,

under the tendencies of the evidence, was properly refused.. The property was not used in connection with plant No. 1, and the establishment of this plant was but an improvement which had the effect of enhancing the value of property generally in that community, and no good reason is made to appear why these defendants would not have been entitled to this enhanced valuation. The case of Shoemaker v. U. S., 147 U. S. 282, 13 Sup. Ct. 361, 37 L. Ed. 170, has been very carefully examined, and, in our opinion, is easily distinguishable from the instânt case. There a public park was to be located within a certain defined area and in a certain manner, and it was held that in fixing the valuation the commissioners were not to consider the value of the property by the establishment of the park. So in the instant case the jury could not consider, in fixing the valuation of the property here in question, that it was to become a part of the site for plant No. 2; but under the evidence above indicated this reasoning would have no application as to the location of plant No. 1, of which this property was not a part, and which, from this testimony, was not considered at that time.

[2-4] Counsel for appellant very strenuously insist there was reversible error in giving the charge at the request of the defendants, to the effect that the jury will not be bound by the opinion of experts, which charge will appear in the report of the case. It is to be noted that the evidence in this case was confined solely to opinion testimony dealing entirely with the valuation of the property, and that it related to a matter as to which the jury are presumed to have some general knowledge. Under the decisions of this court this opinion evidence as to value was not conclusive and binding on the jury. Andrews v. Frierson, 144 Ala. 470, 39 South. 512; Sellers v. Knight, 185 Ala. 96, 64 South. 329; Tyson & Arrington v. Thompson, 195 Ala. 230, 70 South. 649; Robinson v. Crotwell, 175 Ala. 194, 57 South. 23. See, also, note to Fowle v. Parsons, 45 L. R. A. (N. S.) 181; Cleveland v. Wheeler, 8 Ala. App. 645, 62 South. 309; 38 Cyc. 1760. If the plaintiff was of the opinion that the charge might be construed by the jury as authorizing a capricious disregard of all the testimony, and a verdict rendered upon their personal knowledge or observation, then an explanatory charge should have been requested as a matter of precaution. We do not so construe the charge, however, but entertain the view that if any criticism is to be directed thereto it could only be as to any misleading tendency.

[5] Appellant also complains of the charge given for the defendants, which authorized the calculation of interest upon the amount ascertained as compensation from the date of the taking of the property. It has been previously noted that possession was taken by the government on December 1, 1917, and condemnation proceedings begun two years thereafter. Under these circumstances it would seem, under the authority of Jones v. N. O. & Selma R. R. Co., 70 Ala. 227, that interest was properly allowed. This question, however, is not here presented, for the reason that the record discloses that the trial court reached the conclusion that this interest should not be allowed, and deducted the same from the judgment rendered upon the motion for a new trial, and rendered judgment for the amount so reduced. Clearly, therefore, there is nothing in this action of the court of which appellant can complain.

[6] There was no error in sustaining the objection to the question asked the tax assessor concerning the amount at which one of the defendants assessed her property during the year 1917. It appears not to have been the duty of the property owner 'to fix the amount of valuation of his property in the assessment of same under the law as it then existed (Acts 1915, pp. 386–406) ; and the question assumes (with nothing in the record to sustain such assumption) that said defendant so assessed the valuation, although not so required.

One or two other questions of evidence appear which we do not consider need separate treatment. They have been carefully examined in consultation, and we find nothing in them calling for a reversal or discussion.

[7] The contention on the part of the appellant that the valuation of $250 per acre, as fixed by the jury, is excessive, has been given painstaking consideration. The evidence was, as is usually the case in matters of this character, in considerable conflict as to the value of this property. The rule governing here in reviewing the action of the trial court and refusing to disturb the verdict for excessiveness was well stated in Cent. of Ga. R. R. Co. v. White, 175 Ala. 60, 56 South. 574, which has been subsequently followed in numerous decisions, and need not be here repeated. Suffice it to say that after a careful consideration of this record, and in the light of this rule—by which we are to be guided— we are unwilling to disturb the action of the trial court in this respect.

It results that we find no reversible error in the record, and the judgment appealed from will be accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.