(87 South. 159)

## OBEAR–NESTER GLASS CO. v. MOBILE DRUG CO. (1 Div. 175.)

(Supreme Court of Alabama. Jan. 20, 1921.)

**1. Sales ⬌81(6)—Time held essence of contract of sale.**

A contract of sale of glass bottles, containers, etc., to be shipped as ordered by plaintiff between certain dates, *held* to make time of the essence of the contract; it being left to plaintiff to determine whether a third carload be ordered before a certain date.

**2. Sales ⬌81(4)—Delay or prevention exonerating seller from responsibility.**

Provisions of a contract of sale exonerating seller from responsibility "for any delay or prevention," for causes therein mentioned, in fulfilling its obligations under the contract, were referable to the period preceding the termination of the contract, and not after the date of its termination, contract giving purchaser right to order shipment of a third carload before such date; and hence, if causes of delay or prevention stipulated in the writing intervened without fault or neglect on the part of the seller under buyer's order of the third car on or before the date of termination of the contract, seller was entitled to benefit and protection of the stipulation against responsibility, or the consequences of such delay or prevention as the writing contemplated.

**3. Sales ⬌85(1)—Contract held not to invite construction in connection with other contracts.**

A contract of sale of three carloads of glass bottles and containers, purchaser to have the right to order delivery of the third carload between certain dates, *held* not to invite or justify the construction that sale and delivery of the glass was subject to other contracts already made or to be made by the seller with third persons, or to subject the filling of the purchaser's order to the rule of relative obligation or apportionment.

**4. Sales ⬌81(4)—Plea of inability to manufacture goods sold not subject to demurrer.**

Plea of seller under contract designed to protect him from consequences of "any accident or contingency beyond its control," alleging that a leak in an essential part of seller's plant prevented performance of contract to deliver goods to be manufactured was not subject to demurrer.

**5. Sales ⬌81(4)—Mishap in plant held to excuse delivery of goods sold.**

Under a contract of sale of bottles to be manufactured, designed to protect the seller from "any accident or contingency beyond its control," a mishap which would excuse seller from delivery before date provided, must have so disabled the plant as to prevent the manufacture of the bottles seller had engaged to deliver, and proof merely that the accident prevented filling the buyer's contract, if other buyers' contracts were filled, would not suffice.

**6. Sales ⬌176(1) — Buyer could not waive time limit of seller's responsibility, such stipulation being for seller's, not buyer's, benefit.**

Since time was of the essence of a contract of sale, terminating the seller's obligation to ship on a certain date, such time and the consequent effect of the contract not being a stipulation for the benefit of the buyer, it could not be said by the buyer that it waived the stipulation as to time.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action by the Mobile Drug Company against Obear-Nester Glass Company for damages for breach of contract. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The pleas of the defendant numbered 1 and 2 set out the contract and averred delivery to plaintiff of two cars of the chattels covered by the contract. Count 1 then avers that it was prevented from delivering the third car within the time specified, because of an accident or contingency beyond its control, in that the furnace in which said chattels were to be manufactured sprung a leak, and after this damage was repaired it was too late to make a delivery under contract. Plea 2 alleges generally damages to the plant in which the chattels were to be manufactured, and that the defendant was unable to manufacture the chattels within the time specified in the contract. Pleas 2 and 4 are pleas of recoupment and set-off.

R. H. & R. M. Smith & Middleton, of Mobile, for appellant.

The damages is the difference between the market price and the contract price at the time and place of delivery. 78 Ala. 392, 56 Am. Rep. 34; 35 Cyc. 630, 633, 636, and 638. Proof of breach of contract without proof of damage entitles to nominal damages only. 4 Ala. App. 518, 58 South. 724. Where the contract shows that the parties contemplated that the seller should accept other orders for goods during the period of delivery than the one in question, in case of partial incapacity, the seller is not required to deliver the plaintiff's order to the exclusion of orders, provided he treats the purchaser fairly. 100 Mass. 477; 199 Mass. 22, 84 N. E. 1021; (C. C.) 133 Fed. 108. If the contingency provided for prevents the filling of any one or more orders rightfully taken by the seller, the seller is excused. Authorities supra. The courts will not add to the stipulations of the contract, but will merely construe the contract as made. 148 Fed. 594, 78 C. C. A. 366, 9 L. R. A. (N. S.) 1187. As to what prevention means, see 31 Cyc. 1170; 127 N. C. 96, 37 S. E. 143, 53 L. R. A. 337, 80 Am. St. Rep. 783; 109 Ga. 536, 35 S. E. 97. As to when time is the essence of the contract,

---

⬌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

see 23 R. C. L. 1373. The breach is complete, and the buyer may refuse to accept the goods without notice to the seller; but he may not shift the breaches from time to time at his own will. 23 R. C. L. 1374; 196 Ala. 337, 71 South. 439; 78 Ala. 392, 56 Am. Rep. 34.

Smiths, Young & Leigh, of Mobile, for appellee.

Time was not the essence of the contract. 128 Ala. 221, 29 South. 640. The facts alleged in the pleas present at most only an excuse, for delay and performance and do not justify a refusal to perform. (C. C.) 164 Fed. 264; 100 Mass. 477. See, also, 7 Port. 41, 31 Am. Dec. 704; (Ky.) 107 S. W. 279. The court did not err in rendering judgment for substantial damages. 13 Ala. App. 10, 68 South. 690; 27 Ala. 602; 145 Ala. 459, 39 South. 816; 157 Ala. 630, 47 South. 576; 164 Ala. 10, 51 South. 242, 137 Am. St. Rep. 17.

McCLELLAN, J. The Mobile Drug Company—the plaintiff—was engaged in the drug business in Mobile, Ala. The Obear-Nester Glass Company—the defendant—was a manufacturer of glass bottles, containers, etc., at St. Louis, Mo. As appears, the action is by the buyer against the seller of goods. On October 30, 1915, these corporations entered into the written contract to be quoted in its presently material particulars:

"The Obear-Nester Glass Company, of St. Louis, Mo., have this day sold Mobile Drug Company, of Mobile, Ala., and they have this day bought from us two or three cars flint glass prescription ware, each car to consist of not less than 400 Western sizes cases, at following terms and conditions: * * * Shipments to be made as follows: In carload lots at specified dates, between the date of contract and July 31, 1916. Buyer agrees to furnish shipping specifications on all ware contracted for not later than June 30, 1916. Specifications to be furnished by the buyer at least thirty (30) days in advance of date of shipment.

"The seller does not agree to warrant as to exactness of capacity of the articles to be delivered hereunder, nor that they shall be equal to any particular sample, but agrees only that the said goods shall be merchantable for the general use for which they are designed. The seller agrees to take all reasonable care and diligence in fulfilling this contract, but shall not be responsible for any delay or prevention caused by or resulting from acts of Providence, strikes, lockouts, fires, floods, or any accident or contingency beyond its control. All ware that shall be in seller's hands July 1, 1916, under this contract, shall be invoiced as shipped and stored at buyer's risk."

Two of the cars of goods mentioned in the contract were ordered by the buyer and shipped by the seller prior to June 3, 1916. On June 3, 1916, the plaintiff (appellee) appropriately ordered the third car. No shipment or delivery of this third car has been made; the defendant (appellant) declining to do so

for the reasons asserted in its pleas, to which demurrers were sustained. The action is for damages for refusal to deliver this third car.

[1-3] Some of the pleas proceeded on the theory that time (July 31, 1916) was of the essence of the contract; but the court, construing the writing to the contrary in this particular, sustained demurrers to these pleas. The writing does, in our opinion, make time of the essence of the contract, the date "July 31, 1916," terminating the obligation of the seller to ship the wares described therein. While the contract declares the buyer had, on October 30, 1915, bought from the seller the wares mentioned, yet, as respects the number of cars, it was left to the buyer to determine whether the third car should be ordered, and hence to establish, within the terms of the contract, the seller's obligation to ship the third car; the title to this subject of the contract (third car) not passing at the date of the contract. The seller's engagement to ship the cars depended upon the buyer's specification of shipping dates, the final opportunity of the buyer to so specify being expressly limited to dates "not later than June 30, 1916," and, further, that the shipping specifications should be furnished by the buyer "at least thirty (30) days in advance of date of shipment," the obligation of the seller to ship terminating on "July 31, 1916," the date stipulated. The contract is between mercantile concerns; and, as is the case generally, time is of the essence of such contracts. Norrington v. Wright, 115 U. S. 188, 203, 6 Sup. Ct. 12, 29 L. Ed. 366; McFadden v. Henderson, 128 Ala. 221, 230, 29 South. 640; Clauss Shear Co. v. Ala. Supply Co., 1 Ala. App. 664, 666, 56 South. 49; 23 R. C. L. p. 1373.

The provisions of this writing exonerating the seller from responsibility "for any delay or prevention," for causes therein mentioned, in fulfilling its obligations under the contract, are referable to the period preceding the termination of the contract, viz. July 31, 1916, not after the date of its termination. Hence, if the causes of delay or prevention, stipulated in the writing, intervened without fault or neglect on the part of the defendant—under the plaintiff's order of June 3, 1916 —of the third car of wares on or prior to July 31, 1916, the defendant was entitled to the benefit and protection of the stipulation against responsibility, liability for the consequences of such delay or prevention as the writing contemplated. This contract obligated the seller to deliver the several cars, when ordered by the buyer as the writing required, "f. o. b. cars St. Louis, Mo."—there being nothing therein to invite or to justify the construction that these parties engaged for the purchase, sale, and delivery of these wares subject to other contracts already made or to be made by the seller with third persons, or with the effect of subjecting the filling of plaintiff's order or orders to the rule of relative obligation or apportionment that,

on evidence before the Massachusetts courts, was recognized in Oakman v. Boyce, 100 Mass. 477, 478, 484 et seq.; a status of stipulation and fact not present in the cause at bar. See Scruggs & Echols v. Riddle, 171 Ala. 350, 364, 365, 54 South. 641. The provision that the seller should take "all reasonable care and diligence in fulfilling this contract" evinced no intent to so subject the obligation of the seller; but, to the contrary, in view of the fact that the terms of the contract fixed July 31, 1916, as the date of its termination, that provision was designed to express the obligation on the seller, when proper order had been made, to employ reasonable care and diligence to effect the seller's fulfillment of the contract before its termination on July 31, 1916. If the buyer (plaintiff) was denied the delivery of the third car of wares ordered on June 3, 1916, before the contract expired by its terms, because of the failure of the seller (defendant) to observe the care and diligence thus prescribed in this contract, the seller would become liable for this breach; the absence of the required care and diligence being such as was not within the exemption from responsibility for delay or prevention for the causes contemplated by the writing against which the seller stipulated.

[4, 5] In plea 1 (filed February 19, 1919) the defendant set up, as a cause exonerating it from responsibility consequent upon its failure to ship the third car by July 31, 1916, that a described "leak" in an essential part of its manufacturing plant, "accidentally" occurring, prevented performance by the seller, during the life of the contract. The contract was designed to protect the seller from the consequences of "any accident or contingency beyond its control." The happening described in plea 1, filed February 19, 1919, was averred to be an accident or contingency within the contemplation of the contract; and it was efficiently averred in the plea that the "leak" was an accident or contingency beyond the control of the seller. The plea was not subject to the demurrer. To sustain this plea's allegation of inability of the seller to ship the third car, before the termination of the contract on July 31, 1916, proof, however plenary, of assumed obligations to supply other buyers, than this plaintiff, would not at all suffice; and in order to justify the failure stated the mishap alleged must have disabled the plant in such sort as to prevent the manufacture of the wares the defendant had engaged to deliver to plaintiff. The court erred in sustaining the demurrer to plea 1, filed February 19, 1919. The construction we have accorded this contract renders unnecessary the particular consideration of other pleas.

[6] Since time was of the essence of this contract, terminating the seller's (defendant's) obligation to ship on July 31, 1916, the doctrine of waiver stated in the seventh headnote to Lowy v. Rosengrant, 196 Ala. 338, 71 South. 439, is without application; that date and the consequent effect of the contract not being a stipulation for the benefit of the buyer, the plaintiff.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.