(95 South. 13)

**OBEAR–NESTER GLASS CO. v. MOBILE DRUG CO. (I Div. 227.)**

(Supreme Court of Alabama. Jan. 4, 1922.)

**1. Time ☞10(8)—First and last Sunday excluded in computing time for presenting bill of exceptions.**

Under Code 1907, § 11, where the last day for presenting a bill of exceptions is Sunday, the first and last Sunday is excluded.

**2. Appeal and error ☞345(1)—Only motion for new trial considered when bill of exceptions not presented in time.**

Where bill of exceptions was not presented within 90 days from date of trial, only those matters embodied in the motion for new trial can be considered.

**3. New trial ☞99—Properly denied when newly discovered evidence cumulative and fault not negatived.**

A new trial was properly denied, where the newly discovered evidence was merely cumulative, and the motion failed to negative fault on the movant's part with respect to the discovery of the facts on which the motion was based.

**4. New trial ☞130—Motion on ground that judgment contrary to weight. of evidence does not raise question of excessiveness of damages.**

A motion for new trial on ground that the judgment is contrary to the great weight of the evidence is not sufficiently comprehensive to embrace the point that the damages awarded were excessive.

**5. Appeal and error ☞1010(1)—Judgment not disturbed when findings supported by testimony, unless court convinced that it is wrong and unjust.**

In a case tried without a jury, the finding of the court, as expressed in the judgment, has the force and effect of a verdict, and, where there was evidence justifying such finding, the judgment must not be disturbed, unless the court is convinced that it was wrong and unjust.

**6. Trial ☞382—On' conflicting opinion evidence court must form opinion, draw reasonable deductions, and render judgment accordingly.**

On conflicting opinion evidence as to the market value of articles of personal property, it was the duty of the trial court sitting without a jury to form an opinion, draw reasonable deductions from all the facts in evidence, and declare his conclusion by the judgment.

**7. Evidence ☞568(4)—Opinion as to value not conclusive, though without conflict.**

Evidence of value is necessarily opinion evidence and is not conclusive on courts and juries, even without conflict under Code 1907, § 3960.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action by the Mobile Drug Company against the Obear-Nester Glass Company for damages for breach of a contract. Judgment for plaintiff, and defendant appeals. Affirmed.

R. H. & R. M. Smith, of Mobile, for appellant.

The measure of damages is the difference between the contract price and market value on July 31, 1916, f. o. b. St. Louis. 81 Fla. 456, 87 South. 157, 18 A. L. R. 627. The time within which any act is to be done must be computed by excluding the first day and including the last. If the last day is Sunday, it must also be excluded. Code 1907, § 11.

Smiths, Young, Leigh & Johnston, of Mobile, for appellee.

The bill of exceptions not having been presented within 90 days from date of trial, only those matters embodied in the motion for new trial can be considered. 206 Ala. 411, 90 South. 866. Neither the judge nor a jury is bound by the testimony of any witness, though undisputed, as to market value. 201 Ala. 456, 78 South. 834; 144 Ala. 470,

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

39 South. 512; 195 Ala. 230, 70 South. 649. The question of excessive damages is not properly raised by an assignment merely that the verdict or judgment was contrary to the evidence. 177 Ala. 618, 59 South. 273. The finding of the court has the same force and effect as the verdict of a jury. 92 Ala. 630, 9 South. 738. Motion for new trial on ground of newly discovered evidence must negative fault of movant in failing to discover before trial. 201 Ala. 613, 79 South. 45.

THOMAS, J. The first appeal is reported as Obear-Nester Glass Co. v. Mobile Drug Co., 205 Ala. 214, 87 South. 159. The second trial was before the judge without a jury on June 24, 1921, and there was judgment for plaintiff. Motion was made for new trial on grounds of newly discovered evidence, and that the judgment was contrary to the great weight of the evidence, which was overruled on November 14, 1921. It is from this action of the court the appeal is taken.

The recital of presentation of the bill of exceptions is:

"The foregoing bill of exceptions was presented to me, Claude A. Grayson, the judge who presided at said cause, on this the 13th day of February, 1922, within ninety-one days from the rendition of judgment in said cause, yesterday being Sunday. Claude A. Grayson, Judge of the Circuit Court of Mobile County, Alabama."

[1] In calculating the number of days within which such a bill of exceptions may be presented under facts recited by the trial judge, the first and the last Sunday is excluded by statute. Section 11 of Code of 1907; Stewart v. Keller, 197 Ala. 575, 73 South. 89.

[2] The bill of exceptions not being presented within 90 days from the date of the trial, only those matters embodied in the motion for a new trial can be considered. Liverpool & London & Globe Ins. Co. v. Lowe, ante, p. 12, 93 South. 765; Massey v. Pentecost, 206 Ala. 411, 90 South. 866.

[3] The question presented by ground of the motion because of newly discovered evidence was not within the rule declared in Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 South. 45. This matter of newly discovered evidence was merely cumulative, and the motion fails to negative fault on the part of movant in the discovery of the facts set forth and on which the motion is based.

[4] The motion was not made sufficiently comprehensive to embrace the ground that the damage awarded by the court was excessive. That ground is not within the terms of the ground assigned, viz. that the judgment was contrary to the great weight of the evidence. Central of Georgia v. Chambers, 197 Ala. 93, 96, 72 South. 351; Cook & Laurie Contracting Co. v. Bell, 177 Ala. 618, 635, 59 South. 273.

[5] The finding of the court, given expression in the judgment, has the force and effect of a verdict of the jury so expressed. There was evidence which justified the court in the finding, and the judgment must not be disturbed unless this court is convinced that the same was wrong and unjust. N. C. & St. L. Ry. v. Crosby, 194 Ala. 338, 349, 70 South. 7; Miller v. South. Bell T. & T. Co., 195 Ala. 408, 70 South. 730; Howton v. Mathias, 197 Ala. 457, 467, 73 South. 92; T. C. I. R. R. Co. v. Wiggins, 198 Ala. 346, 73 South. 516; Card Lumber Co. v. Reed, 202 Ala. 322, 80 South. 404; Cobb v. Malone, 92 Ala. 630, 9 South. 738.

[6] Was the conclusion of the court, given expression in the judgment, wrong and unjust when it is referred to the evidence under the rules of law obtaining and having application to such matters? There was differing opinion evidence before the court pertaining to the market value of the articles of personal property made the subject of the contract that was breached by defendant in the nondelivery of such articles. It was the duty of the trial court to form opinion for judgment, to draw reasonable deductions from all the facts given in evidence, and to declare the conclusion by the judgment. In Andrews v. Frierson, 144 Ala. 470, 476, 477, 478, 39 South. 512, 513, 514, it is observed of the value and extent of opinion evidence:

" * * * We note the great variation in the opinions of the experts who were called to express an opinion. The opinions as to value range from one-half of 1 per cent. to 5 per cent. This of itself illustrates the sensibleness of the rule laid down by the Supreme Court of the United States with respect of the manner in which the jury dealt with the opinions of witnesses in regard to value. The Conqueror, 166 U. S. 110, 17 Sup. Ct. 510, 41 L. Ed. 937. There it was said by the court, speaking through Mr. Justice Brown, with regard to opinion evidence on the question of value: 'While there are doubtless authorities holding that a jury (and in this class of cases the court acts as a jury) has no right arbitrarily to ignore or discredit the testimony of unimpeached witnesses so far as they testify to facts, and that a willful disregard of such testimony will be ground for a new trial, no such obligation attaches to witnesses who testify merely to their opinion; and the jury may deal with it as they please, giving it credence or not as their own experience or general knowledge of the subject may dictate.' And, although such testimony may be uncontroverted, the register may exercise his independent judgment. Forsyth v. Doolittle, 120 U. S. 73, 7 Sup. Ct. 408, 30 L. Ed. 586; Head v. Hargrave, 105 U. S. 45, 26 L. Ed. 1028. In the case of Pollard v. A. F. L. M. Co., supra [139 Ala. 183], one of the questions referred to the register to be determined was the value of services rendered by the attorneys. The only witness who testified as to the value of the services placed that value at $3,000, and

the register found and reported it to be only $2,000. The report was confirmed in this respect, over the exceptions filed to it. Chief Justice McClellan, for the court, said: 'But this testimony was the mere estimates, opinion of the witnesses. Their judgment cannot be substituted for that of the register. He was not bound to find in accordance with their 'estimates.' The court held that it was the power and duty of the register upon the whole case as developed before him to determine for himself what would be reasonable compensation to be allowed; citing U. S. v. McGlue, 1 Curt. 1, 9, Fed. Cas. No. 15,679; Forsyth v. Doolittle, 120 U. S. 73, 77, 7 Sup. Ct. 408, 30 L. Ed. 586; Rogers, Expert Testimony, § 207; T. & C. R. Co. v. Danforth, 112 Ala. 80, 93, 94, 20 South. 502. See, also, A. G. S. R. Co. v. Hill, 93 Ala. 514, 9 South. 722, 30 Am. St. Rep. 65; 17 Cyc. p. 131 (V), notes 79 and 80; J. E. Co. v. Branham, 145 Ind. 314, 41 N. E. 448, 33 L. R. A. 395; Hull v. St. Louis, 138 Mo. 618, 40 S. W. 89, 42 L. R. A. 753. * * *

"The rule, then, to be deduced from the authorities, would seem to be that, where the facts and circumstances attending the rendition of services and the nature of the services are developed by the evidence, opinions of witnesses as to value are not conclusive, but may be considered as advisory, and the register must use his own judgment, guided by the evidence and assisted by such opinions." Bromberg & Co. v. Norton (Ala. Sup.) 93 South. 837;[1] Robinson v. Crotwell, 175 Ala. 194, 205, 57 South. 23; Tyson v. Thompson, 195 Ala. 230, 234, 70 South. 649; Ala. Power Co. v. Keystone Lime Co., 191 Ala. 58, 72, 67 South. 833, Ann. Cas. 1917C, 878; Nat. Surety Co. v. Citizens' Light, Heat & Power Co., 201 Ala. 456, 459, 78 South. 834; U. S. v. Goodloe, 204 Ala. 484, 486, 86 South. 546; Headley v. McCall, 205 Ala. 108, 87 South. 355; 45 L. R. A. (N. S.) 184, note.

[7] Evidence of value is necessarily opinion evidence and is not conclusive on courts and juries, even when without conflict. Andrews v. Frierson, supra; Sellers v. Knight, 185 Ala. 96, 106, 64 South. 329; Ala. Power Co. v. Armour & Co., 207 Ala. 15, 92 South. 111, 113; Jackson v. State, 17 Ala. App. 197, 84 South. 394; section 3960 of Code of 1907. Such is the nature of evidence of the value of land (Sellers v. Knight, supra; U. S. v. Goodloe, supra), and of personal property (Bromberg & Co. v. Norton, supra; Nat. Surety Co. v. Citizens' Light, Heat & Power Co., supra).

The rule for the measure of damages was declared on former appeal (205 Ala. 214, 87 South. 159), the bottles being sold f. o. b. St. Louis, Mo. It was conceded or uncontroverted on the trial, and admitted here, that the only question for the court was the "market value" of the articles of personal property made the subject of the contract that was breached by defendant—the market value of the goods not shipped. The question of excessiveness of the judgment was not presented by the motion.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 117.