116 So.2d 383

**STATE of Alabama**

v.

**Peter HUNTER et al.**

**5 Div. 713.**

Supreme Court of Alabama.

Dec. 10, 1959.

J. Sydney Cook, Jr., Sp. Asst. Atty. Gen., for appellant.

L. J. Tyner, Opelika, for appellees.

GOODWYN, Justice.

This is a highway condemnation proceeding brought by the State, appellant, against Peter Hunter and The Opelika National Bank, appellees. On appeal by the State from the probate court to the circuit court, the State demanded a trial by jury. The jury returned a verdict fixing appellees' damages and compensation at $10,500, on which verdict judgment was duly rendered. The State brought this appeal from said judgment and also from the judgment overruling its motion for a new trial.

The only error assigned is that the trial court erred in overruling appellant's motion for a new trial "for and in that the verdict of the jury is contrary to the great weight and preponderance of the evidence in this cause."

The property being condemned is part of two lots on which appellee Peter Hunter resides. Practically all of his concrete block house is being taken. Several witnesses testified concerning the value of the property before and after the taking. The estimates of damages ranged from $7,350 to $12,000. None of the witnesses estimated the damages in the exact amount assessed by the jury. Appellant argues as follows: "Nowhere does a witness suggest the jury's figure of $10,500; hence appellant concludes such a verdict must be the result of pure conjecture, and is clearly against the weight and preponderance of the evidence."

We find no merit in appellant's argument. This court has held that evidence of value is necessarily opinion evidence, and that it is not conclusive on courts and juries, even when without conflict. See: Rountree Farm Co. v. Morgan County, 249 Ala. 472, 476, 31 So.2d 346; Dean v. County Board of Education, 210 Ala. 256, 260, 97

**58**

So. 741; Obear-Nester Glass Co. v. Mobile Drug Co., 208 Ala. 618, 619, 620, 95 So. 13; United States v. Goodloe, 204 Ala. 484, 486, 86 So. 546; National Surety Co. v. Citizens' Light, Heat & Power Co., 201 Ala. 456, 459, 460, 78 So. 834; Sellers v. Knight, 185 Ala. 96, 106, 64 So. 329; Andrews v. Frierson, 144 Ala. 470, 477, 39 So. 512; 20 Am. Jur., Evidence, § 1208, p. 1059; 29 C.J.S. Eminent Domain § 275, p. 1272; Code 1940, Tit. 7, § 367.

In United States v. Goodloe, supra, a condemnation case, it was said [204 Ala. 484, 486, 86 So. 547]:

"* * * It is to be noted that the evidence in this case was confined solely to opinion testimony dealing entirely with the valuation of the property, and that it related to a matter as to which the jury are presumed to have some general knowledge. Under the decisions of this court this opinion evidence as to value was not conclusive and binding on the jury. * * *"

From Rountree Farm Co. v. Morgan County, supra, is the following apt statement [249 Ala. 472, 476, 31 So.2d 350]:

"In condemnation cases there is often, as here, a wide divergence of opinion of witnesses as to values and items of damage. Claims by the property owner are sometimes exaggerated, and on the other hand are frequently minimized by the condemnor, both usually acting in good faith. The jury trying the issue must arrive at its verdict by reconciling the various opinions as best it can, and must analyze the evidence in the light of its common knowledge.

*    *    *    *    *    *

"That opinions of witnesses as to value are not binding on the court or jury is well settled in Dean v. County Board of Education [210 Ala. 256, 260, 97 So. 741], supra.

"The jury in the instant [case] evidently accepted, as well as discounted,

parts of the testimony of each of the witnesses in arriving at its verdict. * * *"

The judgment appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.