## B. L. SHUMAN v. MARTIN O. RUUD.

### (160 N. W. 507.)

**Judgment notwithstanding verdict — appeal — assumed premise — expert testimony — services rendered — by attorney — value of — question — one of fact — for jury.**

1. From a judgment *non obstante veredicto* defendant appeals. Said judgment was based upon the assumed premise that uncontradicted expert testimony as to the value of services rendered by an attorney established their value as a fact so.as to override the verdict of a jury finding them to have been of less value.

*Held,* though plaintiff's experts all agree upon the value of said services to be the amount for which judgment was subsequently ordered *non obstante veredicto,* nevertheless the question remained one of fact for the jury to determine as such.

**Services of attorney — value of — verdict — conclusive — order for judgment — for greater amount — error.**

2. The verdict was conclusive on the value of such services, and it was error to order judgment *non obstante veredicto* for the greater amount.

Opinion filed December 2, 1916.

Appeal from the District Court of Pierce County; *Burr,* J.

Modified and judgment directed to be entered on the verdict.

*R. E. Wenzel,* for appellant.

It is proper to receive expert testimony as to the prices usually and customarily charged by persons in the same profession and in the same locality. But such witnesses should be left to form and frame their own answers as to· the value of the services rendered, instead of having the amount charged included in improper hypothetical questions. 2 Enc. Ev. p. 165; Spencer v. Collins, 20 Ann. Cas. 55, note; Maneaty v. Steele, 112 Ill. App. 19.

Expert opinion evidence on the question of the value of the services rendered by an attorney is not conclusive. The fact still remains a ques-

tion for the jury. 2 Enc. Ev. p. 172; Spencer v. Collins, 20 Ann. Cas. 56, note; Head v. Hargrave, 105 U. S. 45, 26 L. ed. 1028; Langford v. Jones, 18 Or. 307, 22 Pac. 1064; Campbell v. Brown, 81 Kan. 480, 26 L.R.A.(N.S.) 1142, 106 Pac. 37; Hull v. St. Louis, 42 L.R.A. 764, note; Re Dorland, 63 Cal. 281; Clark v. Ellsworth, 104 Iowa, 442, 73 N. W. 1023; Arndt v. Hosford, 82 Iowa, 499, 48 N. W. 981; Olson v. Gjertson, 42 Minn. 407, 44 N. W. 306; Moore v. Ellis, 89 Wis. 108, 61 N. W. 291; Lee v. Lomax, 219 Ill. 218, 76 N. E. 377; Noftzger v. Moffett, 63 Kan. 354, 65 Pac. 670; Turnbull v. Richardson, 69 Mich. 400, 37 N. W. 499; Bourke v. Whiting, 19 Colo. 1, 34 Pac. 172; State v. Miller, 9 Houst. (Del.) 564, 32 Atl. 137; Humphries v. Johnson, 20 Ind. 190; Bentley v. United States, 26 Ct. Cl. 241; Cosgrove v. Leonard, 134 Mo. 419, 33 S. W. 777, 35 S. W. 1137; Walbridge v. Barrett, 118 Mich. 433, 76 N. W. 973; Kittredge v. Armstrong, 11 Ohio Dec. Reprint, 661, 28 Ohio L. J. 249; Freese v. Pennie, 110 Cal. 467, 42 Pac. 978; Rose v. Spies, 44 Mo. 20; McMannomy v. Chicago, D. & V. R. Co. 167 Ill. 497, 47 N. E. 712; Zimmer v. Kilborn, 165 Cal. 523, 132 Pac. 1026, Ann. Cas. 1914D, 368.

The trial court had no right to order judgment notwithstanding the verdict for a larger sum than found by the jury. Remington v. Eastern R. Co. 109 Wis. 154, 84 N. W. 898, 85 N. W. 321; Speiser v. Merchants' Exch. Bank, 110 Wis. 506, 86 N. W. 243; Richardson v. Tyson, 110 Wis. 572, 84 Am. St. Rep. 937, 86 N. W. 250; Richmire v. Andrews & G. Elevator Co. 11 N. D. 453, 92 N. W. 819; Ætna Indemnity Co. v. Schroeder, 12 N. D. 120, 95 N. W. 436; Nelson v. Grondahl, 12 N. D. 133, 96 N. W. 299; Welch v. Northern P. R. Co. 14 N. D. 25, 103 N. W. 396; Houghton Implement Co. v. Vavrosky, 15 N. D. 308, 109 N. W. 1024; Kerr v. Anderson, 16 N. D. 38, 116 N. W. 614; Kirk v. Salt Lake City, 32 Utah, 143, 12 L.R.A.(N.S.) 1023, 89 Pac. 458.

*Campbell & Jongewaard,* for respondent.

A motion for a new trial must be made within sixty days from the date of the verdict. This requirement is in no wise dependent upon the entry of judgment or service of notice thereof. 29 Cyc. 850, 851; Comp. Laws 1913, § 7664.

The application for judgment notwithstanding the verdict, or for a
35 N. D.—25.

new trial, may be separate or combined; but the former alone does not entitle the applicant to a new trial. 29 Cyc. 726–753.

A subject not in any manner touched upon indirect examination cannot be gone into on cross-examination, and a proper objection should be sustained. Hogen v. Klabo, 13 N. D. 319, 100 N. W. 847.

Where a trial judge knows of his own knowledge facts about a case being heard by him, he has no right to apply or use them. He must get his information from evidence adduced in open court. If he relies upon facts of which he has personal knowledge, he should lay aside the judicial ermine and take his place in the witness box. Ladd v. Witte, 116 Wis. 35, 92 N. W. 365; Nelson v. Grondahl, 12 N. D. 133, 96 N. W. 299; Territory v. Whitcomb, 1 Mont. 359, 25 Am. Rep. 740, 2 Am. Crim. Rep. 159; Wood v. Barker, 49 Mich. 295, 13 N. W. 597.

Goss, J. Plaintiff recovered of defendant a verdict for $210 as a balance of attorney fees. Not satisfied with his recovery, plaintiff moved for judgment notwithstanding the verdict for $370, claiming that the undisputed expert testimony of plaintiff and an expert witness as to the value of attorney fees rendered by plaintiff conclusively established their value to be $370, and hence that there had been no issue on the question of value for the jury to pass upon. The motion was granted, and judgment *non obstante veredicto* was ordered for $370 and interest. From this judgment defendant appeals.

The question presented therefore is whether uncontroverted expert testimony as to value of attorneys' fees so conclusively established the value of such fees to be as so fixed by experts as to establish such value as a fact and warrant a judgment *non obstante* as entered, where a jury have found the value thereof to be less. This resolves to the legal effect or probative force of expert testimony as to value of attorney fees. If the expert testimony conclusively established as a fact the value in the amount testified to by the expert, judgment was properly entered; if not, judgment should have been entered instead on the verdict.

There is no conflict in the expert testimony as to value of such legal services, nor in the services as rendered. Defendant contended the services were worth no more than $150; the jury found the fact to be that their value was $230.

The trial court was in error in granting judgment for a greater

amount than the verdict. While there is some conflict as to the probative force of expert testimony of the worth of medical and surgical services, there seems to be none as to the corresponding value of attorney fees. And in every instance the value of attorney fees becomes a question of fact to be determined by the jury even where the expert testimony as to value is all in one accord and without conflict or is uncontradicted.

The very recent and excellent treatise, "Modern Law of Evidence," by Chamberlayne, §§ 2172A et seq. contains the following discussion on this very question: "The jury are not necessarily obliged to follow the estimate of a witness simply because he is uncontradicted. Such inferences are not conclusive. It is to be remembered that the conclusion of a witness as to value is merely secondary evidence, displacing, only to the extent that seems to be necessary, the reasoning of the jury upon the primary phenomena narrated by witnesses. It follows that neither the inference or conclusion of an observer nor the more ripened judgment of the expert relieves the jury of the duty of doing their own reasoning with regard to the facts of the case. American courts have gone to very considerable lengths, in this respect, in carrying out the so-called democratic policy of extending the function of the jury at the expense of that of the court. They have been permitted to act of their own knowledge, in the absence of all evidence, as to the fact regarding the value of property or services of a technical nature. For example, the fair price for an attorney's work may be fixed by the jury. The same rule has been applied to the findings of a jury as to the value of other services requiring special skill and experience; e. g., those rendered in the compilation of municipal charters and ordinances. The reasoning of the jury, being based upon common knowledge, cannot with safety to the cause of justice be left unfettered in dealing with estimates of value where the inference must be founded upon special skill. Thus, a state of the case may arise in which they will not be permitted to consider the question of value at all. This will happen where the determination of monetary worth can only be properly reached through the estimates of those possessed of special skill or experience, and no such persons have appeared to testify. A slight addition to the customary situation may bring into manifestation the operation of a somewhat different procedural principle,—the right of a party to the use of reason. In much the same way, should the estimate be one

demanding a high degree of special knowledge and technical skill and such evidence be properly placed before the jury, the latter will not be permitted to disregard this testimony for the purpose of following their own ignorance on the subject. Such a course would be unreasonable and may be promptly set aside by a presiding judge or reversed in an appellate court. Thus, where the only evidence as to the value of a physician's services of a technical nature has been furnished by a medical witness, it would be error to instruct the jury that they may disregard such evidence and follow their own judgment."

To the same effect see Spencer v. Collins, 20 Ann. Cas. 49, and extensive note digesting the cases cited as follows: "It is well settled that the opinion evidence of expert witnesses as to the value of and attorney's services is not conclusive; nor is it binding either on the court or on the jury. But such evidence is to be taken into consideration, with all the other evidence in the case, in arriving at a conclusion as to the just value of the services performed. . . . It is the province of the jury to weigh the testimony of attorneys as to the value of the services, by reference to their nature, the time occupied in their performance, and other attending circumstances, and by applying to it their own experience and knowledge of the character of such services. The evidence of experts as to the value of professional services does not differ, in principle, from such evidence as to the value of labor in other departments of business, or as to the value of property. The jury should apply their own general knowledge and ideas to the matters of' fact in evidence in determining the weight to be given to the opinions expressed; and it is only in that way that they can arrive at a just conclusion. While they cannot act in any case upon particular facts material to its disposition resting in their private knowledge, but should be governed by the evidence adduced, they may, and to act intelligently they must, judge of the weight and force of that evidence by their own general knowledge of the subject of inquiry. Other persons besides professional men have knowledge of the value of professional services; and while great weight should always be given to the opinions of those familiar with the subject, they are not to be blindly received, but are to be intelligently examined by the jury in the light of their own general knowledge. Head v. Hargrave, 105 U. S. 45, 26 L. ed. 1028; Kittredge v. Armstrong, 11 Ohio Dec. Reprint, 661, 28 Ohio L. J. 249."

To the same effect see Zimmer v. Kilborn, Ann. Cas. 1914D, 368 and note thereto (165 Cal. 523, 132 Pac. 1026); Hull v. St. Louis, 42 L.R.A. 753, and extensive note (138 Mo. 618, 40 S. W. 89); Babbitt v. Bumpus, 16 Am. St. Rep. 585, and note (73 Mich. 331, 41 N. W. 417).

Respondent cites Ladd v. Witte, 116 Wis. 35, 92 N. W. 365, upon conclusiveness of expert testimony as to value of fees of a physician and surgeon. As above stated fees for this class of services are held by a few courts to constitute an exception to the general rule. Whether right or wrong, logical or otherwise, the exception does not apply to fees of attorneys. In this there is entire harmony. See the later Wisconsin case of Larscheid v. Kittell, 142 Wis. 172, 125 N. W. 442, 20 Ann. Cas. 576.

Other questions are improperly sought to be raised on this appeal. A useless motion to reinstate the verdict and for judgment thereon was made after the judgment *non obstante* was ordered. The attempted appeal from this order raised no issue, as that is a nonappealable order. The only appeal is the one taken from the judgment. As no specification of error raises any question upon any ruling on the trial, no inquiry can be made as to errors upon trial. The only matter for review is the ordering of judgment *non obstante,* as to which the learned trial court committed error.

It is therefore ordered that the proceedings taken upon and subsequent to the motion for judgment notwithstanding the verdict be vacated, and that judgment be entered upon the verdict for $210 and interest and trial court costs and disbursements, and that there be credited thereon in reduction thereof defendant's taxable costs and disbursements on his motion to vacate and for his costs on this appeal, to which defendant is also entitled. It is so ordered.