[File No. 6047.]

ELLA G. BOLEN, Respondent, v. ALVIN W. DOLPH and Mrs. Alvin W. Dolph, Appellants.

(245 N. W. 259.)

Opinion filed November 4, 1932.

*E. R. Sinkler* and *G. O. Brekke,* for appellant.

*George A. McGee* and *Harry E. Dickinson,* for respondent.

GRIMSON, Dist. J. The plaintiff claims that on May 25, 1931, she was driving her automobile south on Third street, N. W., in the city of Minot; that on turning west on Fifth avenue an automobile belonging to the defendant Alvin W. Dolph, negligently driven by his wife, Mrs. Alvin W. Dolph, collided with the plaintiff's car and as a result thereof said plaintiff's automobile was damaged in the sum of $150. She brings this action to recover said sum. The defendant, Mrs. Alvin W. Dolph, denies the allegations of the complaint and claims that whatever damage was suffered by the plaintiff was caused by her own negligence. Defendant, Mrs. Alvin W. Dolph, pleads contributory negligence. The defendant Alvin W. Dolph, also, pleads contributory negligence, and further sets up a counter-claim for the damages to his car, which he claims was caused by the negligence and careless driving of the plaintiff and prays judgment in the sum of $100. To this counter-claim the plaintiff entered a general denial.

Upon the trial all parties offered evidence in support of their claims. Each driver tried to show the other negligent. There was evidence to sustain a finding of negligence and contributory negligence on both sides. The jury found in favor of the plaintiff for the full amount of $150 and dismissed defendants' counter-claim.

Many specifications of error are alleged. Some deal with failure of the court to charge as requested and some are concerned with rulings on the admission of evidence. The most serious of the errors assigned are predicated upon the court's instructions to the jury.

We have carefully examined all the assignments of error on the rulings excluding evidence and find if there was any error it was error without prejudice as the excluded evidence is shown to have been admitted at other times during the trial.

The defendant requested instructions with regard to the duty of the plaintiff on approaching an intersection, which were refused by the court. Such requests, however, left out the material elements of the law and were therefore properly refused. Other requests with regard to the right of way did not take into consideration that the plaintiff was not joining with or crossing defendant's line of travel at the

intersection where the collision occurred and such requested instructions were therefore not applicable under the evidence in the case.

In its charge to the jury the court correctly defined contributory negligence and the burden of proof in regard thereto. There was nothing, however, anywhere in the instructions, explaining to the jury what the effect of contributory negligence would be on the result of the trial. Nowhere are they told that if the negligence of both plaintiff and defendant contributed to the accident neither could recover and the action should be dismissed.

Instead of such explanation the court charged the jury:—

"From the foregoing it will be seen that the jury has two law suits arising out of the same transaction for decision at the same time. While, during the trial, the two cases have been tried together, they are kept separate in the charge so far as possible. The jury will, therefore, understand that two verdicts will be submitted in the plaintiff's case and two verdicts in the defendant's case. Should the jury find for the plaintiff, your foreman will sign the verdict in favor of the plaintiff for $150.00, and also sign the verdict dismissing defendants' cause of action. If the jury finds for the defendant, you will sign the verdict for the defendant for $100.00, and sign the form of verdict dismissing the plaintiff's cause of action."

And further the court charged the jury,

"In this connection I charge you that the undisputed testimony in this case shows that the plaintiff was damaged by the collision in the sum of $150.00, and the undisputed testimony shows the defendant, Alvin W. Dolph, was damaged in the sum of $100.00. Therefore, if you find for the plaintiff, you should find for $150.00 and if you find for the defendants, you should find for $100.00."

Thus it will be seen that the court limited the jury to a verdict in favor of either party for a specific sum. No requests were made to charge upon the effect of contributory negligence. Non-direction alone is not a prejudicial error. Yet, when such non-direction is coupled with an instruction which, based on some of the facts in evidence to the exclusion of others, may mislead the jury as to the verdict it may return, then such charge as a whole amounts to a misdirection. When, as in this case, both the pleadings and the evidence raise the issue of contributory negligence the effect thereof should be explained to the jury

and the jury permitted to bring in a verdict dismissing plaintiff's cause of action and also defendants' counter-claim. By the instructions as given the matter of contributory negligence was entirely ignored and the jury required to find a verdict for either party based upon their claims of damages, and regardless of any contributory negligence. This is prejudicial error and necessitates a reversal. Hustad v. International Oil Co. 52 N. D. 342, 202 N. W. 814.

Respondent relies on the case of Engen v. Skeels, 60 N. D. 652, 236 N. W. 240. That case, however, differs from the one at bar. In the Engen case there appears to have been no evidence of contributory negligence. The decisive question of fact in that case was whether the defendant's car had struck the plaintiff's car and thus caused the damage. Therefore the court held that a misdirection on the question of contributory negligence was harmless error and non-prejudicial. But in the case at bar there is evidence from which a jury could find contributory negligence on the part of the plaintiff and that evidence was not taken into consideration in the court's instructions to the jury.

The instruction of the court to the jury that "if you find for the plaintiff, you should find for $150 and if you find for the defendants, you should find for $100; " is also erroneous where the evidence of the damage, although uncontradicted, is opinion evidence. Where the amount of damages claimed by either party is uncertain and based upon opinion, then it is entirely within the province of the jury to find the amount of the damages. In such cases it is an invasion of the province of the jury for the court to direct the finding of a certain amount. Brookings v. Northern P. R. Co. 47 N. D. 111, 180 N. W. 972; Shuman v. Ruud, 35 N. D. 384, 160 N. W. 507.

For these errors in the instructions the case must be reversed and a new trial ordered.

CHRISTIANSON, Ch. J., BURKE, BIRDZELL and NUESSLE, JJ. concur.

BURR, J. did not participate; Hon. G. GRIMSON, Judge of the Second Judicial District sitting in his stead.