[File No. 6712]

ERNA JANSSEN, Appellant, v. J. A. KOHLER, Sheriff in and for Burleigh County, North Dakota, et al., Respondents.

(299 NW 900)

248

Opinion filed August 11, 1941.   Rehearing denied September 25, 1941

*Murray & Murray,* for appellant.

*George S. Register,* State's Attorney, and *W. J. Auslin,* for respondents.

BURKE, J.   On September 15, 1939, the defendant, J. A. Kohler, sheriff of Burleigh county, by his deputy, the defendant Schmitz, levied upon part of a stock of merchandise located in a store building at 408 Broadway in Bismarck, which store was known as "The Smart Shop." The levy was made pursuant to an execution issued by the clerk of the district court of Cass county upon a judgment rendered in said court against one W. L. Jones.   The property was levied upon as the prop-

erty of Jones. On September 18, 1939, the plaintiff, Erna Janssen, filed with the sheriff a third party claim in which she asserted that she was the owner of the seized property and made a demand for its return. Thereafter the sheriff sold the property at execution sale and the proceeds of the sale were applied in partial payment of the judgment against Jones. Plaintiff thereupon filed a claim against the State Bonding Fund upon the sheriff's bond. The claim was not allowed and plaintiff commenced this action against the sheriff, his deputies and the State Bonding Fund alleging in her complaint, ownership of the property seized, its unlawful seizure and conversion by the sheriff and his deputies, oppression, fraud and malice upon the part of the sheriff and his deputies and demanding actual damages in the sum of $15,000 and punitive damages in the sum of $5,000. The action was tried in the District Court of Burleigh county and the trial resulted in a verdict and judgment in favor of the defendants for the dismissal of the action. Plaintiff made a motion for a new trial which was denied by the trial court and the case is here upon an appeal from the order denying the motion for a new trial.

In her motion for a new trial plaintiff sets forth fifty-seven specifications of error. Upon this appeal these specifications are grouped under four general assignments.

1. Erroneous admission of hearsay testimony upon the issue of ownership of the property.

2. Erroneous admission of testimony as to the confidential communications made by the plaintiff to her attorneys.

3. Erroneous exclusion of testimony as to admissions made by the sheriff and his deputies to the attorney for their codefendant the State Bonding Fund.

4. That the verdict is against the weight of the evidence.

The first general assignment relates to the testimony of the defendant Schmitz and of Mr. Shafer, the attorney for the execution creditor, as to the conversation which took place between them at the time the execution was handed to the sheriff. Both witnesses testified, over a general objection, that at that time Shafer stated to Schmitz that Mr. Jones was the owner of "The Smart Shop," having recently acquired it, that he (Shafer) had seen two documents pertaining to the ownership of the store which were in the possession of a Mr. Foster and that

Erna Janssen had stated to Foster and to a Mr. McLaughlin that she had transferred her interest in the store to Jones. This testimony is clearly hearsay as to the plaintiff and was not admissible upon the issue of ownership of the property. If, however, the testimony was properly admissible for any purpose, it was not error to receive it. 64 CJ 133; Driscoll v. Allis-Chalmers Co. 144 Wis 451, 129 NW 401; Gibson v. Adams Exp. Co. 187 Iowa 1259, 175 NW 331; Wilcox v. Bear, 140 Wash 39, 248 P 58. In this action plaintiff demanded punitive as well as actual damages. She alleged that the sheriff and his deputies had been actuated by malice. Thus the nature of the intent and motive of the sheriff and his deputies was one of the principal issues in the case. Any evidence, therefore, bearing on motive, including the circumstances surrounding the transaction and the information upon which the defendants acted was properly admissible. Wigmore, Evidence, 3d ed § 1789; 17 CJ 1041; Livingstone v. Burroughs, 33 Mich 511; Phelps v. Foot, 1 Conn 387; Com. v. Stout, 14 Ky L Rep 576 (abstract); Friend v. Hamill, 34 Md 298. In the brief plaintiff argues that the defendants, under the guise of offering testimony upon the issue as to motive, "built up an illegal defense to the whole case." It is true that the testimony of Shafer and Schmitz was susceptible of being considered upon the issue of title, but that fact does not make its admission error. As stated by Professor Wigmore, "when an evidentiary fact is offered for one purpose, and becomes admissible by satisfying all of the rules applicable to it in that capacity, it is not inadmissible because it does not satisfy the rules applicable to it in some other capacity and because the jury might improperly consider it in the latter capacity. This doctrine, though involving certain risks, is indispensable as a practical rule." Wigmore, Evidence, 3d ed p 300, § 13.

The second assignment of error relates to the admission of the testimony of the witnesses Scott Cameron and Neil Cameron. Each of these witnesses was permitted to testify over the objection that the questions called for the disclosure of confidential communications between attorney and client. Scott Cameron's testimony is simply that he was employed by the plaintiff after the sheriff had served the notice of levy and that he called the sheriff and asked him to postpone action under the levy until he had an opportunity to talk to the attorney for the execution creditor. Neil Cameron testified that the plaintiff and Jones

employed him to prepare defendant's exhibits A and B and a bill of sale of the "Smart Shop" by the plaintiff to Jones and that all three documents were signed in his presence. In the circumstances of this case it is unnecessary for us to consider whether or not the testimony adduced amounted to a disclosure of a confidential communication between attorney and client. Section 7924, Comp Laws 1913 reads as follows: "If a person offers himself as a witness, that is to be deemed a consent to the examination, also, of an attorney, clergyman, priest, physician or surgeon on the same subject within the meaning of the first three subdivisions of the preceding section."

Plaintiff offered herself as a witness and testified with respect to the same subject matter, she did so prior to the examination of the Camerons and under the provisions of § 7924, supra, she thereby consented to their examination. There is therefore no merit in this assignment.

Error is also assigned upon the refusal of the trial court to receive in evidence a memorandum made by Mr. Austin, the attorney of the defendant, State Bonding Fund of certain statements made to him by the defendants Kohler and Schmitz. The record shows that when the claim against the Bonding Fund was filed, Austin called Kohler and Schmitz to his office and there discussed with them all of the circumstances surrounding the levy against the "Smart Shop." At the close of this conversation he called in his stenographer and, in the presence of Kohler and Schmitz, dictated a summary of the conversation. The transcription of this summary is the memorandum which was excluded. Plaintiff contends that the memorandum contains admissions of the defendants Kohler and Schmitz and it was therefore error to exclude it. Mr. Austin was called as plaintiff's witness. He testified with respect to the meeting in his office and the making of the memorandum. He was allowed to answer questions as to statements made at that meeting by Kohler and Schmitz and he was allowed to refresh his recollection by reference to the memorandum. No foundation was laid to make the memorandum competent for any other purpose. It is apparent upon the record that the witness had an independent recollection of what was said and of what transpired in his office on that occasion. It is this recollection and not the memorandum which was the real evidence and where the memorandum was not demanded by opposing counsel it was not error to exclude it. Wigmore, Evidence, 3d ed § 763;

Luse v. United States (CCA 9th) 49 F(2d) 241; Com. v. Perri, 97 Pa Super Ct 78; Mitchell v. State, 22 Ala App 300, 115 So 149; Gunning v. Cooley, 58 App DC 304, 30 F(2d) 467; Grusiecki v. Jaglay, 260 Mich 9, 244 NW 211; State v. Tyree, 143 Wash 313, 255 P 382.

There remains for consideration the assignment that the verdict of the jury, was contrary to the evidence. Plaintiff asserts that the only direct evidence upon the issue of title was the testimony of the plaintiff herself; that plaintiff testified positively that the property was hers; that no witness testified that the property was not hers or that it was the property of any other person and that the jury's verdict in favor of the defendant was therefore contrary to the evidence. In so far as it goes plaintiff's statement as to the evidence is correct. There is direct evidence that the property belonged to plaintiff and there is no direct evidence that it did not. There is in the record, however, evidence of acts by and statements of the plaintiff which are inconsistent with her claim of ownership of the property at the time the levy was made. There is also evidence of acts by and statements of the judgment debtor Jones which are consistent with his ownership of the property. Most striking are Exhibits A and B and the acts of the plaintiff and Jones with relation thereto. Plaintiff testified that she and Jones went to the office of Cameron and Cameron on August 14th, 1939, and together requested Mr. Neil Cameron to prepare three documents for them. One document was a bill of sale which purported to transfer a stock of merchandise from the plaintiff to Jones. The other two documents were Exhibits A and B. They are as follows:

"Exhibit A"

"Bismarck, North Dakota
August 14th, 1939

Miss Ida Janssen
Bismarck, North Dakota
Dear Madam:

You are hereby notified that pursuant to the agreement entered into between us on the 15th day of March, 1939, I do hereby elect to terminate the agreement. You will please take notice that I will consider the agreement terminated, and ask for your vacancy on or before the 16th day of September, 1939.

You will also take notice that I have assigned all of my right, title, and interest in the said Smart Shop to Mr. W. L. Jones, of Fargo, North Dakota.

Respectfully yours,
(signed)     Erna Janssen
Erna Janssen"

"Exhibit B"

"Bismarck, North Dakota
August 14th, 1939

Miss Ida Janssen
Bismarck, North Dakota
Dear Madame:

You are hereby notified that on this date, pursuant to a Bill of Sale, all of the right title and interest of Miss Erna Janssen in The Smart Shop, Bismarck, North Dakota, was transferred to Mr. W. L. Jones, of Bismarck, North Dakota.

You are also notified that pursuant to the agreement entered into on the 15th day of March, 1937, between yourself and Miss Erna Janssen, you are hereby ordered to vacate and leave the premises of The Smart Shop on or before the 16th day of September, 1939, and that your agreement as aforesaid is by this instrument terminated.

Respectfully yours,
(signed)     W. L. Jones
W. L. Jones"

These exhibits were received by Ida Janssen through the mail and

upon receiving them she consulted Mr. Foster in regard to her rights under the agreement mentioned in Exhibit A. Mr. Foster testified that he conferred with the plaintiff with respect to the import of these exhibits and that plaintiff told him, "she didn't have anything to do with it (the store), she had sold it and those letters were just exactly what they said they were." The witness, Esther Wiest, testified that plaintiff, in response to a question as to whether or not she had turned the store over to Jones stated, "I certainly have; Ida will have to deal from now on with a Bill Jones." To the same effect is the testimony of the witness Esther Hendrickson. It also appeared that Jones resigned his position as district sales manager for the Remington-Rand Co., a position which he had held for eight years, just prior to the transaction with respect to Exhibits A and B; that he was in and about the store daily from that time until the levy was made and that he gave plaintiff his note for $700 secured by a chattel mortgage on an automobile. Plaintiff denied that she made the statements attributed to her by the witnesses Foster, Wiest and Hendrickson. She stated that the bill of sale of the store and Exhibits A and B were executed as a subterfuge to enable her sister Ida to discharge Mrs. Wiest from her employ and that the note she received from Jones represented a settlement of an indebtedness which had been incurred piecemeal over a period of seven or eight years.

There is some conflict of authority as to the weight which must be given to the uncontradicted testimony of a party to an action. Some of the cases hold that the interest of a party in the outcome of litigation raises an issue as to the credibility of his uncontradicted testimony and that the determination of that issue is within the province of the jury. 20 Am Jur 1031, Evidence. Other cases hold that the uncontradicted testimony of a party to an action must be believed unless it is inherently improbable or there is evidence of other facts and circumstances in the case which are inconsistent with its truth. 20 Am Jur 1031, Evidence; note in 8 ALR 796. Whichever rule we apply, the result in this case is the same. There is evidence here which is inconsistent with the truth of plaintiff's claim of ownership. Part of that evidence plaintiff denied, and in doing so she directly contradicted the testimony of three disinterested witnesses. Another part she explained. The truth of her denials and the probability of the truth of her explanations are

directly related to the truth of her claim of ownership. An issue as to her credibility was fairly raised upon the evidence, and it was for the jury to pass upon that issue and determine what weight, if any, it would give to her testimony.

We find no merit in the specifications of error and the order of the trial court denying plaintiff's motion for a new trial is affirmed.

BURR, Ch. J., and MORRIS, NUESSLE, and CHRISTIANSON, JJ., concur.