[File No. 7318]

## HAROLD F. ACKERMAN, Appellant, v. RICHARD FISCHER, Respondent

(54 NW2d 734)

52

Opinion filed August 27, 1952

*R. J. Bloedau* and *August Doerr,* for appellant.

*James R. Jungroth* and *Quentin N. Burdick,* for respondent.

MORRIS, Ch. J. The plaintiff brought this action to recover damages to his automobile caused by a collision with a combine which was being towed by the defendant behind a truck on state highway 49 in Grant County. He alleges that the collision and resultant damage were due to the carelessness and negligence of the defendant. The defendant answered and alleged that the

collision and the damage to the vehicles involved were proximately caused or contributed to by the negligence of the plaintiff in the operation of his automobile. The defendant also counterclaimed, alleging ownership of the combine and its damage as the result of plaintiff's negligence to the extent of $1200.00. To this counterclaim the plaintiff replied by general denial and by a reallegation of his claim of negligence on the part of the defendant. The case was tried to a jury which found for the defendant for dismissal of plaintiff's cause of action. From a judgment entered pursuant to this verdict, the plaintiff appeals. He also appeals from an order of the trial court denying a motion for a new trial.

Shortly before six o'clock on the evening of October 20, 1950, the plaintiff drove north from the village of Elgin on state highway 49 and after traveling about four miles met the defendant who was driving south in a Ford truck, behind which he was towing a combine. The road at that point was level with a gravel surface about 26½ feet wide. The lights on both the truck and the plaintiff's car had been turned on, although deep darkness had not yet arrived. The platform and sickle bar had been removed from the combine and placed in the truck. There were clearance lights on the body of the truck which is commonly known as a grain box. There were no lights on the combine. The grain box was seven or eight feet wide and, according to the defendant's testimony, the combine was about eleven feet wide. As the vehicles were passing, the left front wheel of plaintiff's car struck the left wheel of the combine and sheared off the combine axle. The axle and side of the machine dropped to the surface of the road in which they gouged a furrow for a considerable distance. The sheriff of Grant County was notified of the accident and arrived on the scene at about 6:35 p.m. He took various measurements from which he testified that the road was 26½ feet wide and that the impression in the gravel made by the broken axle or edge of the combine extended back a distance of 49 feet from where the combine was then resting; that the point at which this mark began was 12 feet from the west side of the highway and 14½ feet from the east side, and the distance to where the plaintiff's car had come to rest after turn-

ing over in the west highway ditch was 228 feet. Both the plaintiff and the defendant were present when the measurements were taken and the sheriff's testimony is not seriously disputed. The sheriff took flashlight pictures of the scene of the accident which were admitted in evidence. One of these pictures clearly shows the impression in the surface of the highway as described by the sheriff. The plaintiff testified that he was traveling 40 to 45 miles an hour when he met the truck and that the defendant's lights were very bright. The defendant testified that the plaintiff was driving about 70 miles an hour as they met. He felt a jar when the plaintiff passed, stopped his truck, and discovered that a wheel was gone off the combine and the axle or side of the combine had dropped to the road and had made a furrow. He also testified that he dimmed the lights on his truck as the plaintiff approached and that he also had a three cell flashlight with which he signaled to on-coming traffic. His truck was traveling about 12 miles an hour.

The sufficiency of the evidence is not challenged. The appellant assigns various errors on the part of the trial court as the basis for seeking a new trial. These he discusses in his brief under five points, the most important of which deal with the court's instructions to the jury. The transcript discloses that counsel for the defendant made a request for an instruction to the effect that it is immaterial who commenced the action first. But it does not show whether the instruction was actually given and, if it was given, whether it was in writing or oral, or whether it was given during or after the giving of the general instructions which were in writing. The plaintiff now claims that this instruction was given orally without his consent and is also erroneous. However, in his motion for a new trial the plaintiff did not challenge this instruction as to its contents or the manner in which it was given. He is therefore in no position to urge this point in this court. In Enget v. Neff, 77 ND 356, 43 NW2d 644, paragraph 1 of the syllabus, we said:

"Where a motion for a new trial is made in the court below and an appeal is taken from the order denying the motion and from the judgment, alleged erroneous rulings of the trial court which constitute proper grounds for a new trial under Sec

28–1902 RCND 1943, must be presented on the motion; otherwise they will be deemed waived, whether included in the specifications of error upon appeal from the judgment or not."

That is the precise situation here. The plaintiff seeks a new trial in this court for giving an instruction which he did not challenge in his motion for a new trial addressed to the trial court. He will not now be heard on this point, having waived his right to challenge the instruction by failing to give the trial court an opportunity to consider and pass upon his objections.

It also appears from the transcript that after the jury had retired, the following took place:

"BY MR. BURDICK: This is to advise the Court that in the event counsel for the defendants are not present at the time and in the event the jury asks for further instructions, this is to authorize the Court to give such further instructions without the presence of defendant's counsel.

"BY THE COURT: There appears to be no objection on the part of opposing counsel."

The transcript is entirely silent regarding further instructions to the jury. The plaintiff asserts and the defendant concedes that after the case had been submitted to the jury, without the presence of or notice to the parties or counsel, the following oral instruction was given:

"You are instructed that, under the evidence, if you find for the plaintiff, your verdict should be in the sum of $1,800.00.

"If you find for the defendant, your verdict should be in the sum of $1,200.00.

"If you find, from the evidence, that the negligence of both parties was the proximate cause of the collision, then your verdict should be for the defendant for the dismissal of the plaintiff's cause of action."

In the court below and in this court the plaintiff challenges the giving of this instruction, both as to its content and the manner in which it was given. It is argued that plaintiff's attorneys never consented to the giving of this instruction and never waived the giving of written instructions.

The trial court in his memorandum opinion says:

"The case went to the jury at approximately 5 o'clock in the afternoon of the day the trial was completed.

"Because the attorneys wished to go to their respective homes, the matter of the possibility that additional instructions might be asked by the jury was discussed. The attorneys present agreed orally that the Court in such eventuality might give further instructions in the absence of the attorneys. One of the attorneys for the plaintiff says that he has no recollection of such agreement. Additional instructions were given later in the evening."

The court also sets out in his memorandum the instruction as quoted above and states that he gave it orally.

Section 28–1411 NDRC 1943 which is applicable in civil cases provides:

"The instructions shall first be reduced to writing except that with the consent of both parties entered in the minutes before the jurors are sworn, the court may instruct the jurors orally. In that case the oral instructions shall be taken down by the court reporter and written out at length in typewriting, . . . ."

A somewhat similar provision applicable to criminal cases is found in Section 29–2130 NDRC 1943, which says:

"All instructions first must be reduced to writing, unless by consent of both parties entered in the minutes, the instructions are given orally and taken down by the stenographer of the court, in shorthand."

Our civil and criminal statutes requiring instructions to be in writing, unless the consent of both parties to oral instructions is entered in the minutes, have a common ancestor in Chapter 84, Session Laws of North Dakota 1893. In subsequent code revisions separate sections pertaining to civil and criminal actions were enacted but the requirement that instructions be in writing was retained in both. In State v. Mitchell, 49 ND 726, 193 NW 310, it is said:

"This statute is clearly mandatory in its requirements that the instructions first be reduced to writing."

The mandatory provision that instructions must be in writing can be waived under certain conditions, as is disclosed by the case of State v. Hanson, 53 ND 879, 207 NW 1000. In that

case the main charge to the jury had been given in writing. After retirement, the jury returned and asked for further in-- structions.

"After referring to the jurors' request for additional instructions the trial judge said: 'I don't suppose there is any objection to it not being in writing? The court can put it in writing.' The record shows affirmatively that both defendant and his counsel were present at the time; and they made no objection to the court's suggestion that the additional instructions be given orally. The trial court thereupon proceeded to give certain additional oral instructions to the jury. All that was said by the trial court was taken down by the court reporter and transcribed as part of the record."

This court held that there was a waiver by the defendant of the right to have the additional instructions reduced to writing and given as written instructions.

In State v. Myers, 73 ND 687, 19 NW2d 17, the majority of this court held that where the statement of the case showed that the defendant had waived written instructions, the fact that the waiver was not entered in the clerk's minutes of the trial was not prejudicial error. In Ferderer v. Northern Pacific Railway Co., 75 ND 139, 26 NW2d 236, we said:

"Generally the failure to comply with the provisions of a mandatory statute in a matter of such importance as instructions to the jury and communications between the trial judge and the jury constitutes error *per se* and must be deemed to be prejudicial either as a matter of law, or unless and until it is shown that no prejudice resulted or could have resulted from the noncompliance."

All interested parties and the trial court are agreed that the main body of instructions were given to the jury in writing; that after they had retired they were given further oral instructions in the absence of the parties and their counsel. The recollection of the court and counsel for the plaintiff is not in accord as to the agreement on the part of such counsel that the court might give further instructions in their absence. The determination of the appeal, however, does not depend upon harmonizing these discrepant versions of fact. Nowhere in the

transcript or in any other portion of the settled statement of the case, including the memorandum opinion of the court, does it affirmatively appear that at any time plaintiff waived written instructions, either by his conduct or his statements, orally or in writing, or those of his counsel. Nor for that matter does it appear that there was such a waiver on the part of the defendant. The statement of Mr. Burdick at the close of the case waives only the presence of defendant's counsel and does not purport to waive the giving of written instructions, should it be necessary for the court to further advise the jury. There having been no waiver, it was the statutory duty of the court to submit to the jury in writing any additional instructions that became necessary. Failure to do so was error and under the circumstances disclosed by this record and in the light of the decisions of this court above cited, we cannot say that such error was without prejudice.

Section 28-1411 requires that when oral instructions are given they shall be taken down by the court reporter and written out at length in typewriting. As far as we can ascertain from this record there was no compliance with this provision of the statute. We do not imply that the failure of the reporter to comply with the statute would in every case necessitate a reversal, but we point it out to further emphasize the unsatisfactory state of this record with respect to the giving of the oral instructions.

The plaintiff, in addition to challenging the manner in which the oral instructions were given, criticizes their contents on the ground that they invade the province of the jury by determining the amount to which the plaintiff would be entitled if he should prevail and the amount that should be awarded to the defendant if the jury should find that he was entitled to the verdict. This is a meritorious criticism. The only testimony as to the value of the automobile before and after the accident was given by the plaintiff who said that before the accident it was worth $1950.00 and after the accident $150.00. The only testimony with regard to the value of the combine before and after the accident was given by the defendant who said that before the accident it was worth close to $2400.00 and after the accident about $1200.00. There was no other testimony regarding the

value of either the automobile or the combine. The injuries which the automobile suffered and the injuries to the combine were described in some detail and photographs of the wrecked automobile were introduced in evidence. It is obvious that the values testified to by the interested parties were matters of opinion. The values thus given were subject to some modification, if in the good judgment of the jury justice so required. In other words, the jury was not bound by this testimony and it was error for the court by instructions to so bind them. In point is the case of Bolen v. Dolph, 62 ND 700, 245 NW 259, in which this court said:

"Where the amount of damages claimed by either party is uncertain and based upon opinion, then it is entirely within the province of the jury to find the amount of the damages. In such cases it is an invasion of the province of the jury for the court to direct the finding of a certain amount. Brookings v. Northern P. R. Co. 47 ND 111, 180 NW 972; Shuman v. Ruud, 35 ND 384, 160 NW 507." See also Butler v. Aetna Insurance Co., 64 ND 764, 256 NW 214.

"The court in charging the jurors shall instruct only as to the law of the case." Section 28-1411 NDRC 1943.

Under the circumstances disclosed by the record in this case it was error for the court to fix in an instruction a specific amount that the jury must determine to be the damages in event a verdict was to be returned in behalf of either party. See Burt v. Lake Region Flying Service, 78 ND 928, 54 NW2d 339; Janssen v. Kohler, 71 ND 247, 299 NW 900; Bullock v. Gay, 296 Ky 489, 177 SW2d 883; Scott v. Gardner, 137 Texas 628, 156 SW2d 513, 141 ALR 50; 20 Am Jur, Evidence, Section 1180.

The plaintiff specifies as error the sustaining by the court of an objection to an attempt on the part of the plaintiff to testify to the measurements of a combine other than the one involved in the accident. The plaintiff testified that the machine being towed behind the defendant's truck was a Gleaner-Baldwin Combine. He further testified: "They only make one kind of a combine." He also stated that he took the measurements of a similar Gleaner-Baldwin Combine after the happening of the accident. The court refused to let him testify as to those meas-

urements. The controversy is entirely over the sufficiency of the foundation for the proffered testimony. It is a narrow controversy in both law and fact. The plaintiff was permitted to testify that the combine was about twelve feet wide, while the defendant said it was about eleven feet wide. That the plaintiff was not familiar with the machine involved in the accident is disclosed by this:

"Q. And do you know whether it is any particular model, year or anything like that?

"A. No, not definitely."

While the plaintiff testified that the company made only one kind, he did not say that they made only one size; and while he said that the one which he measured was similar to the combine involved in the accident, he did not say it was the same. The plaintiff was attempting to establish the exact width by showing the measurements of a different machine. Under the circumstances the court might properly require that the plaintiff establish that the combine which he measured was a combine of the same size as that involved in the accident and not merely one of the same kind or similar to it. In this respect the foundation was deficient and no error was committed in sustaining the objection.

At the end of their brief plaintiff's counsel take a unique position. After asking that the judgment and order denying a new trial be reversed, they say:

"At any event, the Defendant's Counterclaim is no longer an issue in the case. It was dismissed, and the Defendant has not appealed. Hence that issue is 'res adjudicata', and will not be involved in the event of new trial."

The verdict is silent with reference to defendant's counterclaim and states only that the jury "do find for the defendant for a dismissal of the plaintiff's cause of action." The judgment entered on the verdict, and in accordance therewith, only purports to dismiss plaintiff's cause of action and render judgment for costs in favor of the defendant. Again the counterclaim is not mentioned. There is no adverse order or judg-

ment with respect to the counterclaim from which the defendant could appeal.

The plaintiff contends that under the evidence the defendant is clearly shown to have been guilty of negligence as a matter of law and that the court erred in failing to direct the jury that there could be no recovery on the counterclaim. The plaintiff made no motion for a directed verdict. Neither did he attempt to raise this question in his motion for a new trial, and as we have pointed out, he cannot challenge the action of the court in this respect for the first time on appeal. Westerso v. City of Williston, 77 ND 251, 42 NW2d 429; Lueck v. State, 70 ND 604, 296 NW 917; Jensen v. Bowen, 37 ND 352, 164 NW 4. The case must go back to the district court for a new trial as to plaintiff's cause of action and defendant's counterclaim. The judgment and order appealed from are reversed and a new trial is granted.

GRIMSON, CHRISTIANSON, SATHRE and BURKE, JJ., concur.