**Joe SKJONSBY, Plaintiff/Appellant,**

**v.**

**Joyce M. NESS, Defendant/Appellee.**

**Civ. No. 9001.**

Supreme Court of North Dakota.

June 14, 1974.

Rehearing Denied Aug. 26, 1974.

Johnson, Milloy, Eckert & Johnson, Wahpeton, and Lanier, Knox & Olson by P. W. Lanier, Jr., Fargo, for plaintiff/appellant.

Nilles, Hansen, Selbo, Magill & Davies by John Michael Nilles, Fargo, for defendant/appellee.

CLIFFORD JANSONIUS, District Judge, retired; now Supreme Court Commissioner.

The legal issue in this case arises by virtue of an order of the trial court reducing a jury verdict or, in lieu thereof, granting a new trial. The main issue, therefore, is whether the trial court was justified in reducing the verdict or if such reduction amounted to an abuse of the court's discretion. The pertinent part of the order reads as follows:

"It is hereby ordered that the motion of the defendant for judgment notwithstanding the verdict is denied and that the motion of the defendant for a new trial is granted, unless the plaintiff accepts the following judgment.

"Five hundred dollars ($500.00) actual damage, two thousand dollars ($2,000.00) punitive damages, or a total award of two thousand five hundred dollars ($2,500.00), together with costs. The plaintiff to file statement of remission of the excess of the award with the court within thirty days of plaintiff's receipt of the court's memorandum opinion. Upon failure of plaintiff to comply with these conditions and within the time limit above set forth, a new trial will be had with costs to abide the outcome."

The parties to this lawsuit are brother and sister. The parents are still living and for many years the plaintiff, Joe Skjonsby, remained on the farm, assisting his father with the farming operations. Subsequently Joe Skjonsby rented land which he also operated. During the several years prior to 1970 and continuing through the cropping season of 1970 Joe apparently did all the farming, handling his father's land on a one-third, two-thirds lease arrangement.

The record indicates that certain property transfers and joint tenancy transactions became known to Joe Skjonsby, these transactions involving the parents and the defendant, Joyce M. Ness. Joe Skjonsby then petitioned the court, asking that a guardian be appointed for the father, contending that he was not mentally competent to make decisions. This proceeding, which involved claims and counterclaims, was not concluded in court, a settlement having been effected and a stipulation entered into wherein it was agreed that the father was incompetent and should have a guardian. The claims which had been made against the plaintiff, Joe Skjonsby, were dismissed in this settlement with prejudice.

The present action is brought on a claim that the plaintiff has sustained damages because of alleged slanderous statements made by the defendant, Joyce M. Ness. The first paragraph of the complaint reads:

"That defendant, maliciously intending to injure the good name and character of the plaintiff and to cause it to be believed that plaintiff had been guilty of crime of theft and embezzlement, has repeatedly pursued a deliberate course, in the presence and hearing of diverse good people, falsely and maliciously spoken and published of and concerning plaintiff false, scandalous, and malicious words to the following substance and effect: That 'Joe Skjonsby is a thief'; 'Joe Skjonsby has repeatedly stolen from his father's estate'; 'Joe Skjonsby has repeatedly stolen from his mother and all of the rest of the family'; 'Joe Skjonsby is a crook.'"

The answer of the defendant was a general denial. The determination of the jury resulted in the plaintiff recovering a verdict for "actual damages for defamation of character in the sum of Five Thousand Dollars ($5,000.00), exemplary damages for injury to person through oppression, fraud or malice in the sum of Twenty Thousand Dollars ($20,000.00), for a total of $25,000.00." Judgment was entered accordingly.

The defendant moved for judgment notwithstanding the verdict or for a new trial in accordance with Rule 59 of the North Dakota Rules of Civil Procedure. Numerous reasons and grounds were set forth in the motion, and the specifications of error go both to the law and the sufficiency of the evidence. The trial court, in its memorandum opinion required by Rule 59(f), disposed of each contention against the defendant except the matter of the amount of the verdict. The following portion of the memorandum opinion is pertinent to the facts involved:

"Defendant's motion for a new trial based on the insufficiency of the evidence to justify the jury award and that the total damages awarded were excessive and appeared to be given under the influence of passion and prejudice [has] limited merit. The Court has the authority to deny a motion for judgment n. o. v. and grant a motion for new trial. Linington v. McLean County, 146 N.W.2d 45 (N.D.1966).

"In the instant case, the testimony at the trial shows that Defendant did make statements to others stating specifically or inferring that Plaintiff was either stealing from or cheating his parents. These statements were made to Plaintiff's son and at least two other persons who testified at the trial. All of these witnesses stated that they didn't believe the statements. A charge of thievery or the commission of a crime is slander per se and actual damages presumed. Moen v. Moen, [65 N.D. 40,] 256 N.W. 254 (N.D.1934)."

On appeal the parties have accepted the fact that the issues before the Court are:

1. Should the trial court have entered judgment notwithstanding the verdict in favor of the plaintiff as contrary to the weight of the evidence?

2. Did the trial judge manifestly abuse his discretion in granting a new trial, or requiring a reduction in the verdict from $25,000.00 to $2,500.00?

In connection with the question of whether or not a new trial should have been granted, the defendant contends that "the alleged slanderous statement made by Joyce Ness is subject to a qualified privilege."

■ The defendant contends that our statute, N.D.C.C. Sec. 14–02–05, in part, defines privileged communications as follows:

"A privileged communication is one made:

.    .    .    .    .    .

3. In a communication, without malice, to a person interested therein by one who also is interested."

North Dakota Century Code.

Moen v. Moen, 65 N.D. 40, 256 N.W. 254 (1934), disposes of that contention when it states that the charging of thievery and other crimes constitutes slander per se. Damages are therefore presumed, and considering the question of the insufficiency of the evidence on appeal from the order denying the judgment notwithstanding the verdict, it must be considered in the light most favorable to the verdict of the jury. The facts preclude a challenge to the finding of the jury, as the evidence is sufficient to sustain such finding, and it cannot be disturbed on motion or on appeal. Willard v. Owens, 164 N.W.2d 910 (N.D.1969); Christensen v. Farmers State Bank of Richardton, 157 N.W.2d 352 (N.D.1968); Johnson v. Frelich, 153 N.W.2d 775 (N.D.1967); Mikkelson v. Risovi, 141 N.W.2d 150 (N.D.1966); Larson v. Meyer,

135 N.W.2d 145 (N.D.1965); Nelson v. Scherling, 71 N.D. 337, 300 N.W. 803 (1941); La Bree v. Dakota Tractor & Equipment Co., 69 N.D. 561, 288 N.W. 476 (1939).

There is no argument or dispute as to the right of the trial court to reduce the damages or in lieu thereof grant a new trial if the verdict is deemed excessive and such excessiveness results from passion and prejudice on the part of the jury. The grounds for a new trial are governed by N.D.R.Civ.P. 59(b)5, which reads as follows:

"Causes for New Trial. The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

. . . . . .

"5. Excessive damages appearing to have been given under the influence of passion or prejudice, but when a new trial is asked for on this ground and it appears that the passion and prejudice affected only the amount of damages allowed and did not influence the findings of the jury on other issues in the case, the trial court, on hearing the motion, and the supreme court, on appeal, shall have power to order a reduction of the verdict in lieu of a new trial, or to order that a new trial be had unless the party in whose favor the verdict was given remits the excess of damages;"

The language of the rule above quoted is almost identical with the statute which preceded the adoption of our rules of civil procedure, having come down for many years entirely unchanged.

■ The question of excessive damages and whether or not passion or prejudice entered into the verdict has been before the Court several times. In the case of Reid v. Ehr, 36 N.D. 552, 162 N.W. 903 (1917), decided by a divided opinion of three to two, the majority stated:

"It should also be remembered that in this case compensatory damages alone were sought. There was no foundation, either in the complaint or in the proof, for awarding exemplary damages, and such issue was not submitted to the jury. . . . The damages prayed for by the plaintiff were general damages . . . . ."

Reid v. Ehr, *supra*, 905–906.

The majority of the Court laid down the following rule:

"The function of this court on this appeal is merely to review the ruling of the trial court on this motion, and this review is limited to a determination of the question of whether . . . the trial court abused its discretion and thereby effected an injustice."

Reid v. Ehr, *supra*, 906.

In a subsequent divided opinion the majority of the Court again decided the question in the same way but stressed the point that:

"Under the holdings of this court, a trial court is not authorized to direct a remission of a portion of a verdict in lieu of a new trial. If a jury awards excessive damages under the influence of passion or prejudice, the verdict is vitiated, and a new trial must be ordered. Carpenter v. Dickey, 26 N.D. 176, 143 N.W. 964; Waterman v. M., St. P. & S. Ste. M. R. Co., 26 N.D. 540, 145 N.W. 19. . . . It is only when, in view of all the circumstances, the trial court becomes satisfied that the jury was influenced by passion or prejudice in its deliberations, and as a result thereof awarded excessive damages."

Wagoner v. Bodal, 37 N.D. 594, 595, 164 N.W. 147, 148 (1917).

The Legislature, by ch. 334, S.L.1923, gave the Court authority to reduce a portion of the verdict or grant a new trial. Thus the rule on remission of damages came into being in this state.

A review of the decisions, including Ziegler v. Ford Motor Co., 67 N.D. 286, 272 N.W. 743 (1937), leads the Court to believe that the rule in North Dakota, so far as pecuniary or special damages are concerned, permits the trial court to exercise its sound judicial discretion in making a determination as to whether passion or prejudice existed, and unless the court has abused its discretion, this court will not interfere.

In many respects the case of Moen v. Moen is decisive of the problem presented here. The Court stated:

"The amount of damages allowed for slander is primarily a matter for the jury in the exercise of its sound discretion.

"There is no proof of any special damages accruing to the plaintiff and there is no attempted proof that any one believed the plaintiff to be a thief or that plaintiff fell in the estimation of any one because of the statement. With the possible exception of one other person, the only ones who heard the statement were the mother, the wife, and the older children.

"We assume the truth of the statements as related by the witnesses for the plaintiff and therefore that the defendant in the presence of the mother, the wife, and some of the children called the son, husband, and father a thief. For this the jury said the defendant should pay $1,000 as compensatory damages and $2,000 as exemplary damages. This is the amount which the plaintiff offered to pay to the defendant to repurchase the farm."

Moen v. Moen, 65 N.D. 40, 44, 256 N.W. 254, 257 (1934).

The trial court, in reviewing the evidence, came to the conclusion that the verdict was clearly excessive, determining that the verdict was given under the influence of passion and prejudice, and that there should be a reduction in the verdict or a new trial had. The appellate court stated that it would not interfere except for an abuse of discretion.

The case of Reid v. Ehr, *supra,* would lead one to believe that the question of exemplary damages might be treated differently from the issue of compensatory damages. We believe this point was overlooked in the decision in the case of Moen v. Moen and resulted in the Court applying the same criteria to both situations. This language was used in the decision:

"The words were slanderous per se if not true and therefore plaintiff was entitled to recover damages.

" 'These damages to a person's reputation, although they may not be capable of objective measurement in actual dollars and cents, nevertheless, they are not speculative; they neither require special allegation nor special proof. They are capable of being reduced to money values by reason of the law's presumption that an injury done to a person's feelings, the public shame and disgrace incurred, and the degradation of his reputation is a substantial loss.' . . .

"Where words are slanderous per se, malice is conclusively presumed, in the absence of a claim of privilege. Wrege v. Jones, 13 N.D. 267, 100 N.W. 705, 112 Am.St.Rep. 679, 3 Ann.Cas. 482. Where malice is presumed, the jury has the right, in addition to the actual damages, to allow exemplary damages for the sake of example. Section 7145, Compiled Laws. See McCurdy v. Hughes et al., 63 N.D. 435, 248 N.W. 512, 87 A.L.R. 683. But in all cases damages must be reasonable and 'when an obligation of any kind appears to create a right to unconscionable and grossly oppressive damages contrary to substantial justice, no more than reasonable damages can be recovered.' Section 7183, Compiled Laws."

Moen v. Moen, *supra,* 256 N.W. 256–257.

In the instant case the statements of the defendant, being slanderous per se,

justified the jury in finding both actual and punitive damages.

A careful reading of the transcript does not indicate anything that would tend to establish a reason for believing that the jury was guided by passion or prejudice in arriving at their verdict. The fact that a verdict in a case of this kind is more than the court believes is justified does not entitle the court to substitute its judgment for that of the twelve jurors selected to try the case. The verdict in this case is in the amounts of $5,000 and $20,000. Certainly this amount of money is not so great as to justify a court in arriving at the conclusion that the jury disregarded their oath and let prejudice and passion take over.

> "In a case being tried by a jury the court should not undertake to pass on and decide issues of fact. The jury's function has as definite sanction as that of the court. The controlling functions of a jury are to pronounce on the credibility of witnesses; to determine disputed facts; to draw conclusions from doubtful and contradictory premises; and to admeasure damages where the law has afforded no standard. It is the province of the jury to hear the evidence and by their verdict to settle the issues of fact, no matter what the state of the evidence. Where different conclusions may reasonably be drawn by different minds from the same evidence, the question is ordinarily one for the jury. . . ." [footnotes omitted]

53 Am.Jr. Trial Sec. 158, at 143–144 (1945).

A situation somewhat analogous to this is found in the opinion in the case of Bolen v. Dolph, 62 N.D. 700, 704, 245 N. W. 259, 260 (1932):

> "Where the amount of damages claimed by either party is uncertain and based upon opinion, *then it is entirely within the province of the jury to find the amount of the damages. In such*

*cases it is an invasion of the province of the jury for the court to direct the finding of a certain amount."* [emphasis added]

This statement was again emphasized in Ackerman v. Fischer, 79 N.D. 51, 54 N.W. 2d 734, 739 (1952), which cites Bolen v. Dolph, *supra.*

The action of the court in reducing the verdict of the jury on the matter of damages must be set aside unless there is a showing of a very positive nature that passion and prejudice entered into the award of the jury, this being a matter entirely within the province of the jury.

Ordinarily, a new trial may be granted on the ground of excessiveness of the recovery, where, after making all due allowances, the verdict is clearly arbitrary, unjust, or such as to shock the conscience, or it is so excessive as to indicate the jury was influenced by passion, prejudice, or other improper motive. Leonard v. N. D. Co-op. Wool Market Ass'n, 72 N.D. 310, 6 N.W.2d 576 (1942); 66 C.J.S. New Trial Sec. 76, at 242–243 (1950).

Cases attempting to define "passion" and "prejudice" in connection with jury verdicts are limited. A search of Words and Phrases reveals the following:

> "The mere fact that verdict for damages . . . is excessive does not indicate 'passion or prejudice'. Schaefer v. Transamerican Freight Lines, Mo., 173 S.W.2d 20, 23.

> "That a plaintiff in the military or naval service obtains an excessive award of damages does not justify conclusion, that award is the result of 'passion or prejudice'. Schaefer v. Transamerican Freight Lines, Mo., 173 S.W.2d 20, 23.

. . . . . .

> "The words 'passion or prejudice,' within Comp.Laws § 3290, authorizing a new trial for excessive damages given under the influence of passion or preju-

dice, mean anger, resentment, heat, absence of reflection, disregard of the rights of others, and kindred motives. Murphy v. Southern Pac. Co., 101 P. 322, 324, 327, 31 Nev. 120, 21 Ann.Cas. 502.

"Court should be slow to revise amount of verdict by suggesting remittitur, but should set it aside if there is any element of actual corruption, as distinguished from 'passion, prejudice, or caprice,' therein; such words indicating that jury was swayed more or less by their feelings, which are not inconsistent with honest intention. Reeves v. Catignani, 7 S.W.2d 38, 39, 157 Tenn. 173.

"[The] words 'passion or prejudice,' when applied to the action of a jury, mean anger, resentment, hate, absence of reflection, disregard of the rights of others, and kindred motives. Ries v. Cheyenne Cab & Transfer Co., 79 P.2d 468, 474, 53 Wyo. 104.

"In determining on appeal whether verdict was motivated by passion or prejudice, 'passion' means moved by feelings or emotions, or may include sympathy as moving influence without conscious violation of duty, 'prejudice' includes forming of opinion without due knowledge or examination. Valdez v. Glenn, 330 P.2d 309, 312, 79 Wyo. 53."

31A Words and Phrases, at 96–97 and 1974 pocket part, at 8 (1957).

From a review of the entire record, we conclude that the order denying motion for judgment notwithstanding the verdict is affirmed, and the order granting remittitur or a new trial is reversed and the original judgment reinstated. The verdict of the jury does not appear as to be such as would shock the conscience. The verdict as rendered by the jury was within the exercise of sound discretion. To hold otherwise would be to deny the plaintiff the right to trial by jury. Bolen v. Dolph, *supra.*

Remanded for further proceedings consistent with this opinion.

PER CURIAM.

The foregoing opinion by the Honorable CLIFFORD JANSONIUS, a retired judge and duly appointed and qualified Commissioner of the Supreme Court, is adopted and made the opinion and decision of the Court.

KNUDSON, Acting C. J., and TEIGEN, VOGEL and PAULSON, JJ., concur.

The Honorable RALPH J. ERICKSTAD, Chief Justice, deeming himself disqualified did not participate; the Honorable CLIFFORD JANSONIUS, Supreme Court Commissioner, sitting in his place.